**HEADRICK v. ATCHISON, T. & S. F. RY. CO.**

No. 4020.

United States Court of Appeals
Tenth Circuit.

May 8, 1950.

---

7. Federal National Bank of Shawnee v. Comm. of Int. Rev. supra, with cases cited.

David R. Gallagher and Thomas E. Ahern, Jr., Albuquerque, N. M., for appellant.

Jackson G. Akin, Albuquerque, N. M. (Pearce C. Rodey, Don L. Dickason, William A. Sloan and Frank M. Mims, Albuquerque, N. M., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

J. T. Headrick[1] brought this action against the Atchison Topeka & Santa Fe Railway Company[2] in the State Court of New Mexico alleging that while he was riding as a fare paying passenger on a bus owned and operated by the defendant in the State of California he was injured by the negligent operation of the bus and claimed damages therefor. The defendant removed the case to the United States District Court for the District of New Mexico on the grounds of diversity of citizenship. The plaintiff is a citizen of the State of Missouri and the defendant is a corporation organized and existing under and by virtue of the laws of Kansas and doing business in New Mexico, California and other states. The defendant filed a motion to dismiss the action or in the alternative to transfer the cause to the United States District Court of California, Northern Division, pursuant to 28 U.S.C.A. § 1404(a).[3] It was urged that the trial of the case in New Mexico would impose an unreasonable burden of expense and inconvenience on the court and the defendant, and as grounds for such motion alleged: that the claim for relief, if any, arose in the State of California, the situs of the injury; that the railroad company was amenable to process in California; that neither plaintiff nor defendant is a resident of New Mexico; that the witnesses whose testimony will be material and necessary on behalf of the defendant reside in California; that upon trial it will be necessary to prove statutes and court decisions of the State of California; that the defendant is a common carrier engaged in interstate commerce and the trial of the cause in New Mexico would be a burden on interstate commerce; that the alleged injury to the plaintiff was caused by the negligence of the Key System Bus Company which bus company was without the jurisdiction of the District Court in New Mexico; that upon trial of the case, a view of the scene of the accident may be necessary at the hearing on the motions. No proof was offered to sustain these allegations.

In the record on appeal prepared under Rule 76 of the Rules of Civil Procedure, 28 U.S.C.A., it was agreed that the cause of action arose in California, that the defendant was amenable to process in California, that plaintiff and defendant are not residents of New Mexico, that none of the witnesses likely to be called in the trial of the case reside in New Mexico, that the Key System Bus Company whose negligence defendant alleges caused plaintiff's injuries is not amenable to process in New Mexico. The plaintiff filed an affidavit of his Missouri attorney which set forth in substance: that the delay in bringing suit was occasioned by negotiations between plaintiff and defendant for settlement; that these negotiations continued until after an action was barred by the statute of limitations of California; that thereafter the attorney was advised that the defendant would rely upon such statute as a bar to the plaintiff's claim and discontinued the negotiations. Defendant filed a counter affidavit of defendant's attorney to the effect that there was no intent on the part of the defendant or its attorney during the negotiations to delay the controversy and that no attempt was made to deceive or mislead plaintiff or his attorney as to the statute of limitations of California. The only relevancy of these affidavits would be to the question of wheth-

1. Hereinafter referred to as plaintiff.

2. Hereinafter referred to as defendant.

3. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

er it would be in the interest of justice to transfer a case to a jurisdiction where plaintiff would have to risk his action because of the statute of limitations. At the conclusion of the hearing on the motion, the court dismissed the complaint upon the grounds of forum non conveniens. This appeal followed.

[1] The basic question presented here is whether § 1404(a) is a statutory codification of the principle of forum non conveniens which limits the trial court to a transfer of the cause and prevents dismissal. By 1947 the doctrine of forum non conveniens was fully developed by our Federal Courts. This doctrine declared that the district courts had inherent power, within discretional limits, to decline a cause otherwise triable within its jurisdiction when a more convenient venue was elsewhere. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067. In these cases and those that preceded them, it was established that in an appropriate case a District Court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of the general venue statute. Under this judicially determined doctrine dismissal was the only remedy available. These decisions were closely followed by the enactment of § 1404(a) which authorized the actual transfer of proper cases to another district or division where it might have been originally brought. The necessity for dismissal and the commencement of another action in the more convenient district or division was eliminated. The plaintiff here urges that the statute is a codification and a modification of the judicially determined doctrine and if there is a convenient forum to which the action may be transferred the

District Courts are now without the power to dismiss. It seems clear to us that the evident purpose of the statute is to do away with dismissal as an inherent right of the courts and to substitute therefor the right in proper cases to transfer to a more convenient forum when there is such a forum. The revisor's notes to the section indicate this was the purpose. In Moore's Commentary on the Judicial Code, paragraph 0.03(29), page 201, it is said: "But Section 1404(a) does not authorize a dismissal for forum non conveniens; instead, when this doctrine is invoked, the action is to be transferred to a proper and more convenient venue. Subsection (a) of Section 1404 goes beyond prior practice in that its principles apply to 'any civil action'; and it alters the prior practice of dismissal of an action because of forum non conveniens." Speaking further on the subject, Moore says, page 203: "A sensible treatment was to refrain from narrowing the choice of venue or from attempting to restrict the developed principles as to when a defendant is amenable to service of process, but to give the district court the power to exercise a broad discretion in light of all relevant factors and, where these warranted, to transfer, not dismiss, to a proper and more convenient forum. Subsection (a) of Section 1404 has done this." Generally the courts which have had occasion to consider the matter have adhered to the view expressed by Professor Moore.[4]

In granting the motion, the trial court indicated that it would have transferred the action to California had the statute of limitations of that state not run, but since it had, a transfer would be futile and unavailing. The overwhelming weight of authority is that the statute of limitations is a defense which must be affirmatively asserted.[5] Defendant in its brief states: "It

---

4. Burges v. Proctor & Gamble Defense Corp., 5 Cir., 172 F.2d 541, 542; Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707, 714, 5 A.L.R.2d 1226, certiorari denied 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095; U. S. v. National City Lines, D. C., 80 F.Supp. 734, 742, motion for leave to file petition for certiorari denied 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226; Cinema Amusements Inc. v. Loew's

Inc., D. C., 85 F.Supp. 319, 322; Brown v. Insurograph, Inc., D. C., 85 F.Supp. 328, 329.

5. 34 Am. Jur. Limitation of Actions, Sec. 428; Burnet v. Desmornes y Alvarez, 226 U.S. 145, 33 S.Ct. 63, 57 L.Ed. 159; Sanger v. Nightingale, 122 U.S. 176, 183, 7 S.Ct. 1109, 30 L.Ed. 1105; Liquid Veneer Corp. v. Smuckler, 9 Cir., 90 F.

is Hornbook law that the defense of the statute of limitations is a privilege of the defendant which he may or may not assert at his pleasure." In addition, to prevent results which would be contrary to good conscience and fair dealings, a person relying upon the statute of limitations may by his conduct be estopped from relying on the same.[6] The affidavits filed indicate that this question will be raised if the statute of limitations is asserted as a defense. When the court heard the motion, it had before it only the complaint and the motion to dismiss or to transfer. The case had not reached the stage where it could be determined whether the statute of limitations would be asserted or if there were any reasons why that defense would not be available to the defendant.

██ Then, too, we think the court was in error in assuming that upon transfer from the District of New Mexico to the District of California under the provisions of § 1404(a) the California statute of limitations would be applicable. The plaintiff's action was transitory in its nature. He had a legal right to select any forum where the defendant was amenable to process and no contention is made here that the case was not properly brought in the New Mexico state court. It is conceded that the action is not barred by the New Mexico statute. Had the case been tried in the New Mexico state court, the procedural laws of New Mexico including the statutes of limitations would be applicable.[7] It is a well established principle that in removal cases the Federal Court must apply the state law and the state policy.[8] In the Guaranty Trust

Co. v. York case it is said, "It is therefore immaterial whether statutes of limitation are characterized either as 'substantive' or 'procedural' in State court opinions in any use of those terms unrelated to the specific issue before us. Erie R. Co. v. Tompkins was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of. citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."

In Angel v. Bullington [330 U.S. 183, 67 S.Ct. 662], supra, the court said, "What is more important, diversity [of] jurisdiction must follow State law and policy. A federal court in North Carolina, when invoked on grounds of diversity of citizenship, cannot give that which North Carolina has withheld."

██ Neither can a Federal Court in a diversity case take away that which a state has given. Upon removal to the Federal Court in New Mexico, the case would remain a New Mexico case controlled by the law and policy of that state, and if § 1404

2d 196, 203; Hall v. Chamberlain, 31 Cal. 2d 673, 192 P.2d 759, 763.

6. 34 Am. Jur. Limitation of Actions, Sec. 411; Cases Collected McLearn v. Hill, 276 Mass. 519, 177 N.E. 617, 77 A.L.R. 1044; 130 A.L.R. 8.

7. 11 Am.Jur., Conflict of Laws, Sec. 191; Restatement, Conflict of Laws, Sec. 604, p. 720; Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 607, 67 S.Ct. 1355, 91 L.Ed. 1687, 173 A.L.R. 1107; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Riley v. Union Pacific R. R. Co., 7 Cir., 177 F.2d 673,

675, certiorari denied 338 U.S. 911, 70 S.Ct. 350; Titus v. Wells Fargo Bank & Union Trust Co., 5 Cir., 134 F.2d 223, 224; Burns Mortgage Co. v. Hardy, 1 Cir., 94 F.2d 477, 480; Heisel v. York, 46 N.M. 210, 125 P.2d 717, 721; Greve v. Gibraltar Enterprises, D.C.N.M., 85 F.Supp. 410, 412.

8. Angel v. Bullington, 330 U.S. 183, 191, 67 S.Ct. 657, 91 L.Ed. 832; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, 160 A.L.R. 1231; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

(a) is applicable and a transfer to the California court is ordered for the convenience of the parties the witnesses and in the interests of justice, there is no logical reason why it should not remain a New Mexico case still controlled by the law and policy of that state. U. S. ex rel. v. Council of Keokuk, 73 U.S. 514, 6 Wall. 514, 18 L.Ed. 933; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866, 868. In the latter case Judge Hand said, "However, when an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal * * *." This seems to be the rationale of Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R.2d 921. There the question arose as to whether or not a case brought under Section 6 of the Federal Employers' Liability Act [9] could be transferred under the provisions of § 1404(a). It was pointed out that § 1404(a) was to meet the problem of abuses in the selection of forums. Section 6 of the Federal Employers' Liability Act granted the right to sue "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The court stated that the two sections deal with two separate and distinct problems and that § 1404(a) does not limit or otherwise modify any right granted in Section 6 of the Liability Act to bring suit in any jurisdiction named in the section. Such action, however, it was held, would be subject to transfer under § 1404(a). The inference is that if a party suing under the Federal Employers' Liability Act had the right to bring a suit in any district mentioned in that Act and the same was transferred under § 1404 (a) to a more convenient forum that no rights acquired in the forum selected by plaintiff would be lost on transfer. To hold otherwise would be to say that upon transfer the litigants would be in the same position as though the action had been originally brought there. Substantially the same situation would then exist as before the passage of the section and the venue code (Title 28 U.S.C.A. § 1391) would be mutilated. As Moore says the purpose of the section was not to narrow the choice of venue or to restrict the application of established principles of law.

The plaintiff further contends that upon the showing made to the court the case should not have been dismissed nor should it have been transferred. Under the provisions of the statute, it is necessary, prior to making a transfer under Section 1404(a), that the court find that such transfer will be not only for the convenience of the parties and their witnesses but further that it is in the interests of justice. Ex Parte Collett, supra; Schoen v. Mountain Producers Corporation, supra; Reviser's Notes, Title 28 U.S.C.A. § 1404(a); House Report 308, 80th Congress, 1st Session, A. 132. In the Gulf Oil case, Justice Jackson says: "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." [330 U.S. 501, 67 S.Ct. 843] Moore observes that this language was used prior to the enactment of § 1404(a) and the court was dealing with forum non conveniens at a time when, if applied, would result in a dismissal. He thinks that now the courts may properly utilize the doctrine more freely than when dismissal resulted. With this we agree but we are of the view that, even though now a dismissal will not result, the doctrine should not be applied, and the plaintiff's choice of forum disturbed, unless the balance in the defendant's favor is shown by clear and convincing evidence. Here the court had before it only an agreement that the cause of action arose in California, that the defendant was amenable to process in California, that the plaintiff and defendant are not residents of New Mexico, that none of the witnesses likely to be called in the trial of the case reside in New Mexico, that the Key System Bus Company whose negligence defendant alleges caused plaintiff's injury is not amenable to process in New Mexico. There is no showing as to the number of witnesses, who they are or where they live, or what the additional expense would be to the defendant to try the case in New Mexi-

9. 45 U.S.C.A. § 56.

co. It appears that the trial court believed that California was the most convenient forum because the accident occurred there. This in itself would not be sufficient. The plaintiff lives in Missouri. New Mexico is closer to him than California and no doubt more convenient. The court should have sufficient proof from which it could determine, in justice to both parties and the witnesses, the most convenient forum. There is no suggestion that the case was brought in New Mexico to harass, vex or oppress the defendant. In fact it is frankly stated that New Mexico was the only forum open to the plaintiff where he would not be confronted with the defense of the statute of limitations. There was a total lack of proof from which the court could weigh relative advantages and obstacles to a fair trial or from which it could find that the balance was clearly in favor of the defendant. We think the trial court should have such proof before it may exercise its discretion in determining where that balance lies.

The judgment of the District Court is reversed and the case remanded for further proceedings on the motion in accordance with the views herein expressed.