## CURRY
### v.
## STATES MARINE CORP. OF DELAWARE et al.

United States District Court
S. D. New York.

Jan. 20, 1954.

William L. Standard, New York City (Edward J. Malament, New York City, of counsel), for plaintiff.

Corydon B. Dunham, New York City, for States Marine Corp. of Delaware, appearing specially and solely for the purpose of this motion.

Corydon B. Dunham, New York City (Xavier N. Sardaro, New York City, of counsel), for States Marine Corp.

WEINFELD, District Judge.

The parties have taken conflicting positions on the limitation period which governs under the plea of laches in this maritime tort. Absent consent by the moving party that the limitation period which the District Court of New York would apply by analogy were the action to remain here shall govern in the transferee district, the motion to transfer under § 1404(a), 28 U.S.C.A., is denied.

Plaintiff properly effected service upon defendant in this district. True, he may have been forum-shopping, but the law has not, particularly in the case of seamen and others in his category, frowned upon this.[1] Whatever advantage may accrue to plaintiff in this district should not be lost to him on defendant's motion to transfer. If the motion were granted, this would result, according to the defendant, in the dismissal of the plaintiff's suit since it was not brought within the one-year period under the Louisiana law. While defendant may be wrong on the law, plaintiff should not be exposed to such a possibility.[2]

The motion to dismiss on the ground that the action is barred under the New York conflicts of law rule is

1. In re Louisville Underwriters, 134 U.S. 488, 493, 10 S.Ct. 587, 33 L.Ed. 991; see also Headrick v. Atchison, T. & S. F. Ry., 10 Cir., 182 F.2d 305, 309.

2. Headrick v. Atchison, T. & S. F. Ry., 10 Cir., 182 F.2d 305; Greve v. Gibraltar Enterprises, Inc., D.C.N.M., 85 F. Supp. 410; Frechoux v. Lykes Bros. Steamship Co., Inc., D.C.S.D.N.Y., 118 F.Supp. 234; Kaufman, I. R., Judge, Observations on Transfers under Section 1404(a) of the New Judicial Code, D.C., 10 F.R.D. 595, 600–601.

likewise denied since a factual issue exists as to whether the injury was received within the territorial limits of Louisiana and/or on navigable waters. If on navigable waters, even though within the territory of the State of Louisiana, it does not necessarily follow that the New York borrowing statute, if at all applicable, compels adoption of the shorter Louisiana time bar.[3] Moreover, laches is always a factual issue.[4] The general rule is to follow the local statute of limitations by analogy unless the plaintiff can show exceptional circumstances justifying delay.[5] Plaintiff claims such circumstances exist.

Settle order on notice.

---

3. See Krechmer v. Cohen, D.C.S.D.N.Y., 7 F.R.D. 346, where Judge Rifkind questioned that the New York borrowing statute was intended to apply where laches is the applicable doctrine.

4. Redman v. United States, 2 Cir., 176 F. 2d 713, 716; Redman v. United Fruit Co.,

2 Cir., 185 F.2d 553; Todd v. Russell, S.D.N.Y., 20 F.Supp. 930; The Cleary No. 62, D.C.S.D.N.Y., 68 F.Supp. 804.

5 Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 2 Cir., 132 F.2d 766; Redman v. United Fruit Co., 2 Cir., 185 F. 2d 553.