Steve **COGBURN**, Plaintiff,

v.

**MacFADDEN PUBLICATIONS, Inc.,**
Defendant.

Civ. A. No. 4435.

United States District Court,
E. D. South Carolina.
March 18, 1955.

Henry H. Edens, A. Fletcher Spigner, Jr., Henry Hammer, Columbia, S. C., for plaintiff.

Winter & Winter, Columbia, S. C., for defendant.

WILKIN, District Judge (by designation).

This case was submitted on the defendant's motion to dismiss for want of proper service, affidavits and briefs.

The complaint sought damages for an alleged libel published in "True Detective," a magazine sold, but not published by the defendant, a corporation of the State of New York. The complaint alleges that the defendant "is doing business in the State of South Carolina."

Service of summons was made by "handing to and leaving a true and correct copy" of the summons and complaint with Bernard H. Bignon, proprietor of Central News Company, a wholesale dealer in magazines, newspapers and other publications, located at 518 Main Street, Columbia, South Carolina.

An agreement existed between the defendant and Bernard H. Bignon, by which the defendant agreed to deliver to Bignon, as distributor, magazines sold by the defendant, at current wholesale prices fixed by it, and to accept from the distributor, for credit at the prices charged therefor, returns of unsold copies.

In the agreement, the distributor promised to take charge, at his own cost and expense, of the distribution, delivery,

promotion, display, collection of accounts, and returns of whole unsold copies from retail dealers, and others, in the territory served by the distributor; to maintain suitable equipment and a place of business for the receipt, handling, and distribution of magazines; to pay the defendant on or before the 15th day of each month for all magazines billed to him during the preceding month; and to distribute advertising matter, dealer helps, posters, or other material which might be provided by the defendant.

The agreement also provided that the distributor should have no authority to make any contracts for or on behalf of the company, or to bind the company in any manner whatsoever, or to accept service of any process intended to be upon the company, or to represent the company as an agent or otherwise.

■ The question is, Did such agreement make Bernard H. Bignon, or the Central News Company, an agent of the defendant so that the service made in this case constitutes service on the defendant?

The affidavits filed by the defendant state that its place of business is 205 East 42nd Street, New York, and that it does not have and never has had an agent in the State of South Carolina, nor any office or property in that state, and that its business is confined to the State of New York. The affidavit of Bignon shows that he and the Central News Company do not deal exclusively with the defendant, but buy magazines and publications from various other companies. His affidavit shows further that, while representatives of the defendant have visited the Central News Company and discussed sales methods and distribution, no agent of the defendant has any authority over the business of the Central News Company, and that all orders for magazines from the defendant are accepted in New York and shipped from that point. Such affidavit denies that the defendant has any financial interest in the Central News Company.

This Court is constrained to sustain the motion of the defendant on authority of Whitaker v. MacFadden Publications, Inc., 70 App.D.C. 165, 105 F.2d 44. That case is more like this case than are any of the other cases cited.

The cases relied on by the plaintiff can be distinguished from this case. The case of Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S.Ct. 900, 904, 97 L.Ed. 1331, was removed to the federal district court from a state court, and the majority opinion was based on that fact. The plaintiff in this case places great reliance on the opinion of Mr. Justice Black, concurring in part and dissenting in part. Justice Black pointed out that the defendant, Cowles in that case,

"was doing business in Florida. It had a regular agent there, paid by the month, whose sole job was to carry on activities for Cowles in order to increase Look's circulation in that state. On this agent, who managed for the publishing corporation all the business it carried on in Florida, process was served."

That is an entirely different situation from the one presented by this case.

The case of Kahn v. Maico Co., 4 Cir., 216 F.2d 233, 234, turned largely upon an interpretation of the applicable Maryland Statute which, of course, does not apply to this case. Chief Judge Parker, in his opinion says:

"The evidence shows clearly that plaintiffs were more than mere dealers in or distributors of defendant's products. * * * provisions of the contract and the evidence adduced at the hearing before the District Judge show clearly that much more than sale and resale were involved and that the business of plaintiffs was in fact controlled and directed by defendant."

The business, in fact, was carried on largely in the name of the foreign corporation.

In the case of Clements v. MacFadden Publications, D.C., 28 F.Supp. 274, 275, the service was on an agent of the defendant,

"who was the traveling representative of the defendant in the State of Texas, whose duties were in the nature of calling upon some sixty-two dealers of Texas and in the Southwest. He would check and inspect the display of the magazines. His work was to aid in the greater distribution of the MacFadden publications, to encourage the sale and circulation. He talked with prospect agents about becoming agents, contacted boys about selling the magazines, and made reports to the New York office."

The opinion in that case also says that the defendant

"retained title to the magazines shipped; thus it became a property holder in the State of Texas."

Some of the other facts in the Texas case are much like the facts in this case but, as the Judge in that case said,

"Each case must stand upon facts peculiar to itself."

He also quoted Justice Brandeis as to the principle applicable in these cases:

" 'A foreign corporation is amenable to process to enforce a personal liability, in absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there.' "

The facts of this case clearly preclude such inference.

To overrule the motion would be to hold that one who sells magazines in one state, to a buyer who distributes them in another state, is liable to suit in the latter state if service of summons is made on the buyer. The Statute regarding the doctrine of *forum non conveniens,* 28 U.S.C. § 1404(a), does not require such a holding. It applies only to cases of which the Court has jurisdiction. It does not abrogate the law regarding service of summons or the Brandeis principle quoted above. Gross v. Owen, D.C.Cir., 221 F.2d 94.

Nor do the facts of this case warrant the application of the "basic principles of fairness," announced in Polizzi v. Cowles Magazines, supra [345 U.S. 663, 73 S.Ct. 904], and in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

The motion to dismiss is, therefore, sustained.