**J. C. CRAWFORD, Libelant,**

v.

**THE Steamship SS SHIRLEY LYKES, her engines, boilers, etc. and Lykes Bros. Steamship Co., Inc., Respondents.**

United States District Court
S. D. New York.
Feb. 9, 1957.

Jerome Golenbock, New York City, for libelant, Donald S. Sherwood, New York City, of counsel.

Tompkins, Boal & McQuade, New York City, for respondents.

DAWSON, District Judge.

This a motion under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Texas for the convenience of parties and witnesses and in the interests of justice.

▉ This is an action in admiralty to recover damages for personal injuries alleged to have been sustained as

a result of shipowner's negligence and breach of warranty of seaworthiness. It appears that libelant brought another action in this court, on the law side, for damages arising because of the alleged negligence and growing out of the same set of facts. This action has heretofore been transferred by order of Judge Ryan to the United States District Court for the Southern District of Texas. It would not seem to be in the interest of justice to have two actions growing out of the same state of facts proceeding at the same time, one in Texas and the other in New York. Therefore the Court would be inclined to follow the precedent established by Judge Ryan and also transfer this case.

█ Libelant contends, however, that to do so might mean that the present action would be barred by laches when the Texas statute of limitations is applied and the same result would not occur if the action remained in New York.

The action having been properly brought in this district, libelant should not be prejudiced by a transfer of the action which would be granted solely for the convenience of parties and witnesses. The motion is granted upon condition that respondents stipulate that the statute of limitations, which the district court of New York would apply were the action to remain here, shall be applied in any trial in the Southern District of Texas. See Frechoux v. Lykes Bros. SS Co. Inc., D.C.S.D.N.Y.1953, 118 F.Supp. 234; see also Kaufman, Observations on Transfers Under § 1404(a) of The New Judicial Code, 10 F.R.D. 595, 600–601; Currie, Change of Venue and the Conflict of Laws, 22 U.Chi.L.Rev. 405 (1955).

Settle order on notice.