John Shelby HARGROVE and Shirley William Broome, Individually, and as representatives of a class of other persons similarly situated, Plaintiffs,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Brotherhood of Locomotive Engineers, and Brotherhood of Locomotive Firemen and Enginemen, Defendants.

Civ. A. No. 3025.

United States District Court
W. D. Kentucky,
Louisville.

Aug. 7, 1957.

Arnold J. LeMaire, Louisville, Ky., Willis S. Ryza, Pope & Ballard, Chicago, Ill., William H. Billings, McHaney & McHaney, Kennett, Mo., Dickson R. Loos, Washington, D. C., for plaintiffs.

Robert E. Hogan, Louisville, Ky., Heiss & Day, Cleveland, Ohio, for defendant Brotherhood of Locomotive Firemen and Enginemen.

Charles I. Dawson, Louisville, Ky., Harold N. McLaughlin, Cleveland, Ohio, for defendant Brotherhood of Locomotive Engineers.

C. S. Landrum, Lexington, Ky., H. G. Breetz, Louisville, Ky., for defendant Louisville & Nashville Railroad Co.

BROOKS, District Judge.

This action was filed on June 10, 1953, in the United States District Court for the District of Columbia. The complaint alleges that the defendants, Brotherhood of Locomotive Engineers and Brotherhood of Locomotive Firemen and Enginemen, had breached their fiduciary duty to fairly represent the interests of the plaintiffs and other members of the same class in the course of collective bargaining. It further charges that the defendant, Louisville and Nashville Railroad Company, had participated in the alleged breach of fiduciary duty and wrongfully discharged the plaintiffs and other persons similarly situated. Plaintiffs' employment was terminated on September 1, 1949, more than three years before this suit was filed. Jurisdiction is founded on Title 28 U.S.C.A. § 1337, by virtue of the claims arising under the Railway Labor Act, Title 45, U.S.C.A. § 151 et seq.

The Louisville and Nashville Railroad Company, a Kentucky corporation claiming it was not licensed to do business and was not engaged in business in the District of Columbia, filed a motion to quash service of process, and this motion was granted. The action then proceeded between the plaintiffs and defendant Brotherhoods until by order dated October 10, 1955, it was transferred to this court on joint motion of the plaintiffs and defendant Brotherhoods. The order of transfer reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, it is hereby ordered that the above-captioned proceeding be transferred forthwith from this Court to the United States District Court for the Western District of Kentucky, Louisville, Kentucky, without prejudice to the cause of action or the defenses as constituted by the pleadings and preserving all defenses pleaded including the Statute of Limitations of the District of Columbia as of equal force and effect in the Western District of Kentucky as in the District of Columbia."

After removal to this court, plaintiffs by ex parte application to the clerk of this court caused a summons to issue and be served on the Railroad on March 27, 1956. A copy of the complaint was not served with the summons; on April 27, 1956, an alias summons was issued by the clerk and subsequently served with a copy of the complaint as originally filed in the District of Columbia in 1953.

This case is now submitted on the issue of whether this court has jurisdiction of the Louisville and Nashville Railroad Company, and on the further issues of whether this action should be dismissed as against the defendant Brotherhoods because of the three-year statute of limitations of the District of Columbia and the alleged failure of the plaintiffs to exhaust contractual and administrative remedies before resorting to the courts.

The Louisville and Nashville Railroad Company was not a party defendant in the instant case when it was transferred to this court for trial, as the purported service of process made upon it in the District of Columbia was quashed and vacated by order of that

court. See Sunbeam Corp. v. Payless Drug Stores, D.C.N.D.Cal.1953, 113 F. Supp. 31, 46. Plaintiffs now seek to add the Railroad as a party defendant by an ex parte application made to the clerk of this court which resulted in service of process. Aside from all other considerations, to permit the Railroad to be added by such method would be directly in conflict with the provisions of Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. An order of court is required to add or drop a party during any stage of an action, and the granting of an order to add or drop a party requires the exercise of some discretion by the court. Mitchell v. Carborundum Co., D.C.W.D.N.Y.1947, 7 F.R.D. 523; Curacao Trading Co. v. Federal Insurance Co., D.C.S.D.N.Y.1942, 2 F.R.D. 265, affirmed 2 Cir., 1943, 137 F.2d 911, certiorari denied 1944, 321 U.S. 765, 64 S.Ct. 521, 88 L.Ed. 1061. During a period of more than two years after dismissal of the Railroad as a party defendant this case proceeded between the plaintiffs and the defendant Brotherhoods. See opinion in this case by Judge Pine. Hargrove v. Brotherhood of Locomotive Engineers, D.C.D.C.1953, 116 F.Supp. 3. As disclosed by the record, many steps were taken during that period. Clearly it would be an abuse of discretion for this court at this stage of the proceedings to order the Railroad to become a party defendant, even upon proper application. The same result cannot be accomplished by the ex parte application of the plaintiffs.

It should further be noted that this action was transferred to this court pursuant to Title 28, U.S.C.A., Sec. 1404(a). The transfer was made in the interest of justice and for the convenience of the parties and witnesses. A transfer so made presupposes that venue has been properly laid and jurisdiction properly obtained in the original action. See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055; Cogburn v. MacFadden Publications, Inc., D.C.E.D.S.C.1955, 129 F.Supp. 535, 537; United States v. E. I. Du Pont De Nemours & Co, D.C.D.C.1949, 83 F.Supp. 233, 234; Cox v. Pennsylvania R. Co., D.C.S.D.N.Y.1947, 72 F.Supp. 278, 279. It is not believed therefore that a transfer under 1404(a) would permit this court to assume jurisdiction of the person of a defendant as to whom service of process has been quashed by the court ordering the transfer. Wilson v. Kansas City Southern Ry. Co., D.C.W.D.Mo.1951, 101 F.Supp. 56; Fistel v. Beaver Trust Co., D.C.S.D.N.Y.1950, 94 F.Supp. 974.

The assertion by defendant Brotherhoods that this cause of action against them is barred by the three-year statute of limitations of the District of Columbia (D.C.Code, § 12–201) requires further consideration of Title 28, U.S.C.A. § 1404(a). The statute of limitations applicable in Kentucky, KRS 413.120, is five years, and if there is a limitation applicable to this action against the Brotherhoods, the action would be barred by the District of Columbia but not by the Kentucky statute.

■ The plaintiffs' contention that no statute of limitations is a bar to this action is without merit. They rely upon Brotherhood of Locomotive Firemen & Enginemen v. Mitchell, 5 Cir., 1951, 190 F.2d 308. This case held that the bargaining representative had a continuing obligation to fairly represent the plaintiffs-employees and to actively negotiate in their interest. The statute of limitations was applied in that case only to limit the time from which the court could measure damages for breach of that duty, but not to bar injunctive relief. But in that case the plaintiffs were still employees, and in the present case they are not, having ceased to be employees on September 1, 1949. Since the plaintiffs' status as employees ceased on September 1, 1949, the defendant Brotherhoods ceased to be their designated representatives, and the "continuing obligation" rule of the Mitchell case does not apply. If the plaintiffs' theory is correct that the "continuing obligation" rule of the Mitchell case applied to former employees of a carrier, limitation would never run against an alleged

wrong for which they might seek redress.

■ The question now becomes which statute should apply. Under the provisions of Title 28, U.S.C.A., Sec. 1391 (b) the plaintiffs had the legal right to select any forum where the defendant Brotherhoods were amenable to process. Having selected that forum, there is no logical reason why the legal rights of the parties should not remain fixed by the law of the forum of the original choice regardless of a Sec. 1404(a) transfer to a different forum. Headrick v. Atchison, Topeka & Santa Fe Railroad Co., 10 Cir., 1950, 182 F.2d 305; Greve v. Gibraltar Enterprises, Inc., D.C.D.N.Mex.1949, 85 F.Supp. 410. As stated in Greve v. Gibraltar Enterprises, supra, at page 414:

"It appears the rule should be that the legal rights of the parties are determined by the law of the state or district in which the cause originates. In other words, a change of venue affects the place of trial only."

Also the clearly stated purpose of Sec. 1404(a) is to authorize a change of venue "for the convenience of parties and witnesses, in the interest of justice." It would not appear to be in the interest of justice to so construe Sec. 1404(a) as to permit a plaintiff, having exercised the Sec. 1391(b) right to select his forum, to change that forum with the effect of depriving the defendant of defenses available in that forum. Plaintiffs having chosen their forum are therefore bound by its three-year statute of limitations although they could have elected to file this action in Kentucky where the five-year limitation period exists.

It must be added that the order of transfer quoted above also seems to preserve to the defendants the defense of the District of Columbia statute of limitations. The order follows a pattern similar to that established in several reported cases where caution was exercised to assure that the statute of limitations of the transferor forum would be applied after transfer. Curry v. States Marine Corp. of Delaware, D.C.S.D.N.Y.1954, 118 F.Supp. 234; Frechoux v. Lykes Brothers S. S. Co., D.C.S.D.N.Y.1953, 118 F.Supp. 234; Greve v. Gibraltar Enterprises, Inc., supra.

The conclusion that the three-year statute of limitations of the District of Columbia is applicable to this action renders unnecessary consideration of the alleged failure of the plaintiffs to exhaust intraunion remedies before resorting to the courts.

Counsel for the defendants will prepare and submit on notice appropriate judgment dismissing plaintiffs' complaint in accordance with this memorandum.