**Arthur R. MAY, Libelant,**

v.

**Steamship THE STEEL NAVIGATOR, her engines, boilers, etc., and Isthmian Steamship Co., Respondents.**

United States District Court
S. D. New York.
June 28, 1957.

On Reargument Aug. 20, 1957.

Kirlin, Campbell & Keating, New York City for respondent, Isthmian Steamship Co., James B. Magnor, New York City, of counsel.

Jerome Golenbock, New York City, for libelant, Donald S. Sherwood, New York City, of counsel.

FREDERICK VAN PELT BRYAN, District Judge.

Respondents move to transfer this action to the United States District Court for the Southern District of Texas, Houston Division, pursuant to Section 1404 (a) of Title 28 U.S.C.

The complaint alleges two causes of action for personal injuries received on board the vessel S. S. Steel Navigator, the first based on alleged negligence and the second based on alleged unseaworthiness of the vessel.

The libelant does not object to the transfer provided that, when transferred, the case will continue to be governed by the law as to limitations of time to commence the action and laches which would apply in this District were the case to remain here.

The action having been properly brought in this District, libelant should not be prejudiced by a transfer for the convenience of parties and witnesses. In order to avoid such prejudice it is plain that conditions must be imposed upon the transfer which would preserve libelant's position as to limitations of time and laches in the Texas District Court.

Frechoux v. Lykes Bros. S. S. Co., Inc., D.C.S.D.N.Y., 118 F.Supp. 234; Curry v. States Marine Corp. of Delaware, D.C. S.D.N.Y., 118 F.Supp. 234; Crawford v. The S. S. Shirley Lykes, D.C.S.D.N.Y., 148 F.Supp. 958.

The law as to limitations and laches applicable to this case in this District is laid down in Le Gate v. The Panamolga, 2 Cir., 221 F.2d 689. Here, as there, the action was commenced after the expiration of the three-year analogous New York statute of limitations relating to the cause of action for negligence. New York Civil Practice Act, § 49(6). Here also, as there, the action was commenced prior to the expiration of the analogous six-year statute of limitations relating to the cause of action for unseaworthiness. New York Civil Practice Act, § 48 (3). As the Court of Appeals for this Circuit held in the Le Gate case, the six-year statute was the analogous statute which should be considered in determining laches. The Court of Appeals further held that under these circumstances the burden on the question of laches was on the respondents to show inexcusable delay in filing the suit with resulting prejudice to the respondents. There is no merit in the respondents' contention that this holding was inadvertent for the Court of Appeals expressly approved and followed the Le Gate case in Tesoriero v. The M. S. Molda, 2 Cir., 232 F.2d 311.

Thus, in order to ensure that the libelant will not be prejudiced by the transfer, the order of transfer must be conditioned upon stipulation by the respondents that the law relating to limitations of time and laches to be applied in the Texas District Court will be the same as would be applied were the action to remain here. Such stipulation must include a provision that, on the question of laches, respondents will assume the burden of showing inexcusable delay in filing suit with resulting prejudice to them.

The motion is granted upon these conditions. Settle order on notice.

Motion to reargue granted. On reargument my original decision contained

in memorandum dated June 28, 1957 is adhered to. I fail to see any significant distinctions between the case at bar and Le Gate v. The Panamolga, 2 Cir., 221 F.2d 689, which appears to me to be controlling here.