H. L. GREEN COMPANY, Inc., Petitioner,

v.

The Honorable Lloyd F. MacMAHON,
Respondent.

No. 27326.

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1962.

Decided July 25, 1962.

Rehearing Denied Oct. 3, 1962.

Certiorari Denied Feb. 25, 1963.

See 83 S.Ct. 876.

Waterman, Circuit Judge, dissented.

Leonard Sacks, New York City (Irving Bizar, Wachtel & Michaelson, New York City, on the brief), for petitioner.

Willis C. Darby, Jr., Mobile, Ala. (Burton H. Brody, Herbert Edelhertz, Tompkins, Lauren & Edelhertz, New York City, on the brief), for respondent.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

LUMBARD, Chief Judge.

This is a petition for a writ of mandamus to set aside an order of Judge MacMahon transferring the petitioner's action under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) from the District Court for the Southern District of New York to the District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1404(a).[1] The primary contentions are that such transfer was improper because the Alabama statute of limitations would not have permitted the action to have been commenced there, and because Alabama law would be less favorable than New York law on a common law claim sought to be added to the complaint by a motion to amend already pending at the time of the motion to transfer the action. We hold these contentions to be irrelevant to the propriety of the transfer because of the continuing applicability of the New York statute of limitations, and—if it would have been proper for the New York district court to allow the amendment— the relevant New York common law. Thus we have no reason to believe that there will be any prejudice to the plaintiff in this respect. We find no merit in the plaintiff's other grounds for the invo-

cation of our mandamus power to set aside the transfer.

The plaintiff, a New York corporation, on October 29, 1958, purchased all the stock of the Olen Company, Inc., which owned a number of department stores in the southern states, and merged it into itself. This action was commenced in the district court on January 7, 1960, seeking damages of $4,000,000 under § 10(b) of the Securities Exchange Act of 1934 for alleged misrepresentations of the fiscal status of Olen which induced H. L. Green to carry out the merger. The defendant Herschel Harris was executive vice-president of Olen, and after the merger was hired as a vice-president of H. L. Green. The other defendants, Lewie F. Childree, Homer E. Kerlin, and James R. Lawrence were partners in the accounting firm of Lewie F. Childree & Co., which prior to the merger had certified various financial statements of Olen. All of the defendants are residents of Mobile, Alabama, which is in the Southern District of Alabama; service of process was had upon them under the nationwide service provisions of the Securities Exchange Act, 48 Stat. 902, 15 U.S.C.A. § 78aa,[2] and venue was properly laid in the Southern District of New York as a "district wherein any act or transaction constituting the violation occurred." Ibid.

Since the defendants are all residents of the Southern District of Alabama, the action "might have been brought" there as well, as is required for transfer under § 1404(a), Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Petitioner makes no substantial argument that the district court for any other reason lacked the

1. § 1404(a) "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
Judge MacMahon ordered the transfer on December 26, 1961, and on December 27 referred to the Alabama court the plaintiff's motion to amend his complaint to add a common law claim and certain

other motions relating to pretrial discovery. On December 29, this court issued an order to show cause staying any action to effectuate the transfer of the case pending the hearing of this petition.

2. Childree, Kerlin, and Lawrence were served in Mobile, and Harris in Miami Beach, Florida.

*power* to make the transfer.[3] Where, as in the case at bar, the court has acted within its power, mandamus will issue only in a "really extraordinary cause," Torres v. Walsh, 221 F.2d 319, 321 (2 Cir.), cert. denied, 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746 (1955); Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 870 (2 Cir. 1950).

■ The petition evidences no special circumstances which would lead us to question Judge MacMahon's determination that the convenience of parties and witnesses would better be served by trial in Alabama than by trial in New York. All of the defendants reside in Alabama, and, although the plaintiff's main office is in New York City, it has a division office in Mobile. There appears to be no good reason to question Judge MacMahon's acceptance of the defendants' verified statements that they intend to call a large number of persons employed by Olen in Alabama as witnesses. Likewise, whether the defendants' motion to transfer was barred by laches was within the district judge's discretion.

A more serious problem is, however, presented by the plaintiff's claim that its case will be prejudiced on the merits by the application, as a result of transfer, of a different statute of limitations to its statutory claim and by the application of a different substantive law, as well as a different statute of limitations, to the common law claim it has moved to join with the statutory claim. The prejudice that the plaintiff would suffer, if the substantive effects of the transfer were as it claims, would be so great that we find it appropriate to consider its arguments on this petition. We find, however, that there is little likelihood of substantive prejudice. Although we recognize that our views on the course which this case should take after the transfer

to the Alabama district court will not be binding on that court, we think it appropriate to set forth briefly what we believe to be the law. Cf. Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10 Cir. 1950.)

■ A plaintiff may not resist the transfer of his action to another district court on the ground that the transferee court will or may interpret federal law in a manner less favorable to him. We agree with the Court of Appeals for the Fourth Circuit that if there is a conflict of views among circuits, "this presents a matter for consideration by the Supreme Court on application for certiorari, not for consideration by a district judge on application for transfer * * *. We have no sympathy with shopping around for forums." Clayton v. Warlick, 232 F.2d 699, 706 (4 Cir. 1956); see Torres v. Walsh, 221 F.2d 319 (2 Cir.), cert. denied, 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746 (1955). The federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case.

■ However, insofar as the federal courts apply state law, they apply the laws of fifty separate jurisdictions, rather than one. A certain amount of forum shopping inevitably results from our federal system; a plaintiff may, within the limits imposed by process and venue requirements, choose the state whose law will be applied to his action by his power to choose the court in which he will institute his action. We find nothing in the language or policy of § 1404(a) which would sanction its use by a defendant to defeat this choice by the plaintiff. Indeed, we find this result to be compelled by the concept of the federal courts as a single system. Although as a mat-

3. Petitioner's argument that the special statutory venue rules for cases under the securities acts make § 1404(a) inapplicable to such cases must be rejected as was the similar argument of a plaintiff suing under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

in Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949), and that of the United States in a civil action under the Sherman Act, 15 U.S.C.A. § 1 et seq. in United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949).

ter of federal policy a case may be transferred to a more convenient part of the system, whatever rights the parties have acquired under state law should be unaffected. The case should remain as it was in all respects but location. Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10 Cir. 1950); see Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 868 (2 Cir. 1950).

■ The problem of choice of law following transfer under § 1404(a) has arisen most commonly, as it does in part in the case at bar, when a case which for some reason comes within the federal jurisdiction is governed by a state statute of limitations. Those courts which have considered the problem appear to have been unanimous in their agreement that the statute of limitations of the transferor state should continue to apply. Headrick v. Atchison, T. & S. F. Ry., supra; Gomez v. The Dorothy, 183 F. Supp. 499 (D.P.R.1959); Hargrove v. Louisville & N. R. R. Co., 153 F.Supp. 681 (W.D.Ky.1957); see 1 Moore, Federal practice ¶0.145[4.–5] (2d ed. 1961). These authorities have made no distinction according to whether a case has been brought in the federal court under the diversity jurisdiction or under the federal question jurisdiction, and none should be made. In a diversity case, the question of the law to be applied after transfer is entirely unaffected by the doctrine laid down in Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. 1 Moore, Federal Practice ¶0.145[4.–5] at 1774. But see Note, 64 Harv.L.Rev. 1347, 1354 (1951). It would be excessively literalistic to interpret the Erie doctrine as compelling a federal district court automatically to apply the law of the state in which it sits; when, for reasons of federal procedural policy, one district court chooses to refer a case to another, there is no reason why the law of the state in which the transferee court is located need govern the case.

■■ Accordingly, it is clear on reason and authority that H. L. Green's statutory claim should be governed by the same statute of limitations whether the action is tried in New York or in Alabama. The parties apparently agree that the New York statute would govern if the case remained here, and thus the New York statute will continue to govern in Alabama. We have no doubt that the Alabama court will agree; the bare possibility that it might not does not create so extreme a hardship as to make this a "really extraordinary" case where we should prevent transfer. Nor, for the same reasons, do we find it appropriate to require Judge MacMahon to redraft his order so as to condition his transfer on the defendants' agreement not to assert the Alabama statute of limitations.

■ Similarly, we find no sufficient threat of injustice to H. L. Green with respect to the common law claim it has moved to have added to its complaint. It was not improper to refer the motion to amend to the Alabama court, even though it had been made before the motion to transfer the case. As we have stated, a party has no right to the substantive decision of one federal court rather than another, and it was within the trial judge's broad range of discretion to refer all unfinished business relating to the case to the new forum. If the Alabama court determines that the common law claim could have been added in the New York district court, then, on the principles set forth in this opinion, there is no reason why the same law should not govern the common law claim in all respects as would have governed it if it had been joined in the New York court.

The problem that will confront the Alabama court will, however, be complicated by the fact that none of the defendants was personally served within the Southern District of New York, all having been served extraterritorially under the special provisions applicable to suits under the Securities Exchange Act. Accordingly, it will be necessary for the Alabama court to determine whether the common law claim could have been joined in New York with the statutory claim—

despite the lack of such personal service as would have permitted the common law claim to be the subject of an independent action in New York—under a theory of "pendent" personal jurisdiction. See Note, 73 Harv.L.Rev. 1164, 1175–78 (1960), and cases cited therein. The Alabama district court will, of course, decide this question by its own lights, and we express no opinion on it. If the Alabama court decides that the common law claim could have been added in the New York court, then according to our view, it will apply New York law (including any relevant New York choice-of-law rules).[4] If it should decide that the amendment could not have been made in New York, but can be made in the Southern District of Alabama because of the residence of the defendants there, then there will be no reason for New York law to apply and we assume that the court will look to Alabama law. In any event, the plaintiff will not have been deprived of any opportunity to have New York law apply to his common law claim which he would have had if the case had remained in the transferor court.

Accordingly, we see no reason to disturb the order of the district court transferring the action to the Southern District of Alabama.

Petition denied.

WATERMAN, Circuit Judge (dissenting).

Although I agree with the majority that most assuredly the New York statute of limitations should apply to the timeliness of plaintiff's claims that were advanced pursuant to the Securities and Exchange Act of 1934, I dissent from their denial of the petition before us. It is my view that we have not protected petitioner unless we grant the petition and order the district court to condition its order of transfer upon the defend-

ants' consenting not to assert the Alabama statute of limitation as a defense to these claims. Such a condition in an order is not unknown. See, e. g., Frechoux v. Lykes Bros. S.S. Co., 118 F. Supp. 234 (S.D.N.Y.1953). The majority seek to excuse their failure to compel the appropriate relief by asserting that mandamus is only for a "really extraordinary" case. But when the applicable law is as clear as we find it to be here, and the appropriate relief as obvious as it is here, I believe we should see to it that our unanimous approach to the law involved is effectuated by a court order.

The plaintiff contends that the main reason the defendants seek a transfer of this action is so that they may escape liability through application of the shorter Alabama statute of limitations. If this be so, the motivation behind the petition to transfer is an unfair one and the condition which I suggest may very well frustrate an unnecessary and unfair transfer here and discourage similar attempts in future cases.

On Petition for Rehearing

Petition denied.

WATERMAN, Circuit Judge (dissenting).

I dissent from the denial of the petition for rehearing. I adhere to the position which I stated when this case was first decided by the panel that heard argument, pp. 651, 654 (2 Cir., 1962). The United States District Court for the Southern District of New York and other district courts have frequently conditioned orders of transfer upon stipulations by the parties that the statute of limitations applicable in the originating court, the transferor court, be applied in the transferee court. May v. The Steel Navigator, 152 F.Supp. 254 (S.D. N.Y.1957); Crawford v. The S.S. Shir-

---

4. Whether it would make any difference in this situation if the motion to amend had been made after the effectuation of a transfer is, of course, not necessary to consider here.

ley Lykes, 148 F.Supp. 958 (S.D.N.Y. 1957); Frechoux v. Lykes Bros. S.S. Co., 118 F.Supp. 234 (S.D.N.Y.1953); Hokanson v. Helene Curtis Industries, Inc., 177 F.Supp. 701, 703 (S.D.N.Y.1959); I would adopt the procedure utilized in the above cases and would order that the district court so condition the order of transfer here. See also Curry v. States Marine Corp. of Delaware, 118 F.Supp. 234 (S.D.N.Y.1954); Greve v. Gibraltar Enterprises, Inc., 85 F.Supp. 410, 413 (D.N.Mex.1949); Hargrove v. Louisville & N. R. R. Co., 153 F.Supp. 681, 684 (W.D.Ky.1957); Kaufman, Observations on Transfers Under § 1404(a) of the New Judicial Code, 10 F.R.D. 595, 600–601.

Sanborn, Circuit Judge, dissented. See also D.C., 195 F.Supp. 524.