809 F.2d 785
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PIERCE ASSOCIATES, INC., Plaintiff-Appellant,
v.
GILBANE BUILDING CO., Defendant-Appellee.
 No. 86-1676.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 4, 1986.
Decided Jan. 8, 1987.
 
 Before ERVIN, WILKINSON and WILKINS, Circuit Judges.
 Andrew William Stephenson, Braude, Marqulies, Sacks & Rephan, for appellant.
 Marland Hamilton Whitman, Jr., David Brian Hamilton, Ober, Kaler, Grimes & Shriver, Michael McGettigan, Murphy, McGettigan & West, PC, for appellee.
 PER CURIAM:
 
 
 1
 Before this Court is appellee Gilbane Building Company's (Gilbane's) motion to dismiss the appeal for lack of jurisdiction. We dismiss the appeal for lack of jurisdiction because no appealable order has been entered.
 
 
 2
 The pertinent facts are as follows: Pierce Associates, Inc. (Pierce), filed suit in the Eastern District of Virginia. Pierce simultaneously filed a motion to stay the suit pending arbitration; Judge Hilton, of the Eastern District of Virginia, denied this motion after a hearing.
 
 
 3
 Gilbane filed a motion to transfer the case to the District of Delaware; Pierce filed a motion for reconsideration of the order denying a stay pending arbitration. At a hearing on these motions Judge Cacheris of the Eastern District of Virginia ordered the case transferred to the District of Delaware. Judge Cacheris then said, "Having done so [granted the motion to transfer], I don't have to rule on the motion to reconsider. I will transfer it [the motion to reconsider] to Delaware." Judge Cacheris entered an order granting the motion to transfer but not mentioning the motion to reconsider. This appeal, along with two appeals in the Third Circuit, followed.
 
 
 4
 Pierce is correct that the order denying the motion to stay pending arbitration is appealable under 28 U.S.C. Sec. 1292(a); the order is, then, a "judgment" within the meaning of Fed.R.Civ.P. 54(a). Pierce's motion for reconsideration of that order, filed within ten days, is therefore a motion filed under Fed.R.Civ.P. 59. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir.1982); Dove v. CODESCO, 569 F.2d 807 (4th Cir.1978). This Rule 59 motion has delayed the appealability of the order until an order denying the motion for reconsideration is entered. A notice of appeal filed before disposition of a Rule 59 motion "shall have no effect." Fed.R.App.P. 4(a)(4). This appeal is premature; Gilbane's motion to dismiss the appeal for lack of jurisdiction is granted.
 
 
 5
 When a case is transferred it "remain[s] as it was in all respects but location." H.L. Green Co. v. MacMahon, 312 F.2d 650, 653 (2d Cir.1962), cert. denied, 372 U.S. 928 (1963). It was not improper to refer the motion to reconsider to the Delaware court, even though the motion to reconsider was made before the motion to transfer was granted. "[A] party has no right to the substantive decision of one federal court rather than another, and it was within the trial judge's broad range of discretion to refer all unfinished business relating to the case to the new forum." H.L. Green, 312 F.2d at 653.
 
 
 6
 If the Delaware court denies the motion for reconsideration it will have adopted the Virginia district court's order denying the motion to stay. A timely appeal to the Third Circuit could then be taken. We believe that this view is consistent with the general rule that " 'the review of any order of [a] district court in a transferred cause, made before transfer, is within the jurisdiction of the court of appeals of the circuit to which the cause has been transferred.' " Varsic v. United States District Court for the Central District of California, 607 F.2d 245, 251 (9th Cir.1979) (citation omitted).
 
 
 7
 Because the motion to reconsider has not yet been decided, the "law of the case" doctrine will not apply to the motion for reconsideration. See Wilson v. Ohio River Co., 236 F.Supp. 96 (S.D.W.Va.1964), aff'd, 375 F.2d 775 (4th Cir.1967).
 
 
 8
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process.
 
 
 9
 DISMISSED.