**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY JAYNE HILL,
Plaintiff-Appellant,

v.                                                                    No. 98-1433

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-97-527-3-MU)

Submitted: November 30, 1998

Decided: December 31, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Morton H. Feder, FEDER, GOLDSTEIN & TANENBAUM, P.C.,
Mineola, New York, Kenneth P. Anderson, Charlotte, North Carolina,
for Appellant. Mary Grace Maley, Susan L. Troxell, LAVIN, COLE-
MAN, O'NEIL, RICCI, FINARELLI & GRAY, Philadelphia, Penn-
sylvania; Bradley Kutrow, William C. Mayberry, SMITH, HELMS,
MULLISS & MOORE, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Nancy Jayne Hill appeals from a district court order that denied her motion to reconsider a ruling of the Eastern District of New York that North Carolina law applied to her civil action and granted General Motors' motion for summary judgment because contributory negligence barred any recovery under North Carolina law. We affirm.

This automotive products liability action arose from a single vehicle accident that occurred in August 1993 as Hill was driving her 1992 Chevrolet Corvette on Interstate 277 in Charlotte, North Carolina. As Hill lost control of her vehicle, it left the road, struck a guardrail, spun into a concrete median, and caught fire. A blood test disclosed that Hill was legally intoxicated; she later pleaded guilty to a related traffic offense in North Carolina.

Hill first filed a complaint in October 1993 in a New York state court; that action was dismissed on General Motors' motion. She then filed this action in the United States District Court for the Eastern District of New York. General Motors responded that Hill could not recover because she was contributorily negligent and moved for a transfer of venue because New York was an inconvenient forum. General Motors moved that the action be transferred to the Western District of North Carolina, the district in which the accident occurred.

While the transfer motion was pending, General Motors also moved for summary judgment on the basis that North Carolina substantive law applied and that under North Carolina law, Hill's complaint should be dismissed because her injuries were caused by her own negligence. The court determined that North Carolina law applied and transferred the action to the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1404(a)

2

(1994).[1] Though the court found North Carolina law applied, it specifically declined to rule on General Motors' summary judgment motion asserting contributory negligence. General Motors was free to refile its motion after transfer of the action to the Western District of North Carolina.

General Motors refiled its motion in the Western District of North Carolina, again asserting that Hill's action was barred by contributory negligence. Hill moved for reconsideration of the New York District Court's ruling that North Carolina law applied to her case. The North Carolina District Court declined to reconsider the ruling as to application of North Carolina law and granted General Motors' motion for summary judgment based upon contributory negligence. Hill noted a timely appeal of that order to this Court.

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The transferee district court must then apply the laws of the state of the transferor district court, and "the capacity to sue will also be governed by the laws of the transferor State." Van Dusen v. Barrack, 376 U.S. 612, 642 (1964). The laws of the transferor state to be applied by the transferee court include the transferor's choice-of-law rules. See Ferens v. John Deere Co., 494 U.S. 516, 519 (1990) ("In Van Dusen . . . we held that, following a transfer under § 1404(a) initiated by a defendant, the transferee court must follow the choice-of-law rules that prevailed in the transferor court."). [2]

New York follows a "'center of gravity' or 'grouping of contacts,' or 'interest analysis' approach to the resolution of conflicts questions

_____

[1] Though the District Court for the Eastern District of New York did not specifically cite the statutory basis of its transfer, 28 U.S.C. § 1404(a) was the basis for transfer asserted by the defense motion, which the court granted.

[2] **See, e.g.**, H. L. Green Co. v. MacMahon, 312 F.2d 650, 654 (2d Cir. 1962) (Following § 1404(a) transfer of case from New York to Alabama, Alabama court directed to "apply New York law (including any relevant New York choice-of-law rules).") (quoted in Van Dusen, 376 U.S. at 633).

in tort cases," whereby the court determines which State has the greatest interest in the application of its law to the matter at hand. See Klippel v. U-Haul Co., 759 F.2d 1176, 1179-80 (4th Cir. 1985); see also Padula v. Lilarn Properties Corp., 644 N.E.2d 1001 (N.Y. 1994). In addition, New York courts generally resolve conflicts of law in tort cases by applying the law of the place of injury, unless "special circumstances" warrant departure from that rule. See Bader v. Purdom, 841 F.2d 38, 40 (2d Cir. 1988). We review the district court's interpretation of state law de novo, see Salve Regina College v. Russell, 499 U.S. 225, 231 (1991), and we review its grant of summary judgment de novo as well. See Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988).

Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The court must "credit the factual asservations contained in the material before it which favor the party resisting summary judgment and . . . draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem)." Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

With these principles in mind, we affirm the district court's order. North Carolina has a number of contacts to this action which weigh in favor of it as the proper choice of venue. First, it is the state in which the accident occurred and the state whose criminal laws Hill violated. Hill is a North Carolina native who had been there for ten days prior to the accident and intended to stay there for several weeks following. In addition, Hill owned property in North Carolina, worked and earned income there, maintained a driver's license there, and visited the state regularly. The defendant General Motors conducts business in North Carolina and Hill acknowledged that she had her vehicle serviced by a North Carolina General Motors dealer. In addition, Hill's vehicle was registered, insured, financed, and licensed in North Carolina. The district court, therefore, properly determined that North Carolina law applies to this action.

Hill concedes that if North Carolina law applies, her claim is barred by the State's contributory negligence rule. See N.C. Gen. Stat.

4

§ 99B-4(3) (1995); <u>Smith v. Fiber Controls Corp.</u>, 268 S.E.2d 504 (N.C. 1980). Because we conclude that the district court properly applied North Carolina law, we thus find no error in the court's granting summary judgment to General Motors. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5