**HUMBLE OIL & REFINING COMPANY, Libelant,**

v.

**THE Tug PATSY H and A. L. Mechling Barge Lines, Inc., Respondents.**

**Admiralty No. 1823.**

United States District Court
D. Delaware.
Oct. 18, 1961.

Hugh L. Corroon, of Berl, Potter & Anderson, Wilmington, Del., for libelant; Kirlin, Campbell & Keating, New York City, of counsel.

H. Albert Young and Richard H. May, of Morford, Young & Conaway, Wilmington, Del., for respondents; J. Y. Gilmore, Jr., of Faris, Leake & Emmett, New Orleans, La., of counsel.

LAYTON, District Judge.

On February 21, 1961, the Libelant, Humble, brought suit against Respondent in this District as the result of damages to its tanker SS Esso Chattanooga which allegedly was struck by Respondent's tug Patsy H on June 11, 1959, in the Mississippi River just above New Orleans, while the Esso Chattanooga was at anchor.

The Respondent has moved for a transfer to Louisiana under Section 1404(a) of the 28 United States Code which reads:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any * * * district * * * where it might have been brought."

Libelant takes the position that a transfer to Louisiana would be neither for the convenience of the parties and witnesses nor in the interest of justice.

Insofar as concerns the issue of the interests of justice, Humble fears that a transfer to Louisiana would permit the interposition by respondent of a plea of laches by analogy with Louisiana's one year statute of limitations, LSA–C.C. art. 3536.[1]

Respondent spends considerable time attempting to demonstrate that a defense of laches in Louisiana would probably not be successful. It is significant, however, that when Libelant offered to agree voluntarily to a transfer if Respondent would agree to abandon its defense of laches, the latter would not so stipulate.

It is not for this Court to decide whether a defense of laches if interposed in Louisiana based upon the one year statute there would or would not be successful. That decision remains for a Louisiana Federal Court. However, under these facts, it would appear that the interests of justice would not be served if Libelant were forced to surrender the advantages of its suit here and proceed in Louisiana in the face of a possible plea of laches which Respondent has refused to waive and which may be meritorious. Crawford v. The SS Shirley Lykes, D.C. S.D.N.Y.1957, 148 F.Supp. 958; Curry v. States Marine Corp. of Delaware, D.C. S.D.N.Y.1954, 118 F.Supp. 234.

Respondent's motion will be denied unless it agrees to waive the defense of laches based upon the Louisiana statute.

---

1. The Delaware statute of limitations is two years, 10 Del.C. § 8106A. Apparently, Libelant was slow in starting suit and decided it would be safer to proceed in Delaware than risk a successful defense of laches by Respondent in Louisiana.