**Philip JOZWIAK and Anna Jozwiak, his wife, Plaintiffs,**

v.

**DAYTON OIL COMPANY, an Ohio corporation, Defendant.**

United States District Court
S. D. New York.

Dec. 18, 1961.

Cooper, Ostrin & DeVarco, New York City, for plaintiffs, Richard Gyory, New York City, of counsel.

Schwartz & Frohlich, New York City, for defendant, Everett A. Frohlich, Paul F. Lardi, New York City, of counsel.

FEINBERG, District Judge.

This is a motion under 28 U.S.C. § 1404(a) by defendant Dayton Oil Company ("Dayton") to transfer this action to the United States District Court for the Southern District of Ohio, Western Division. Plaintiffs are residents of Michigan and Dayton is an Ohio corporation. The action is based upon diversity jurisdiction and grows out of an accident that occurred on July 11, 1958. The complaint was filed in this Court on July 5, 1961, but the summons and complaint were not served any earlier than July 13, 1961.

The complaint alleges the following: While plaintiff was working as a mechanic on a road widening project in De-

troit, Michigan, he used an oxyacetylene torch near a metal drum containing a cement curing compound labeled Permite. In the course of his work, the drum of Permite exploded and seriously injured him. The drum of Permite had been purchased by plaintiff's employer from a company which in turn had purchased it from Aluminum Industries, Inc. ("Aluminum"), an Ohio corporation. The drum of Permite had been manufactured, packaged and shipped by defendant Dayton under an agreement between it and Aluminum. The drum was highly inflammable and Dayton negligently had failed to label the drum properly.

Plaintiff Philip Jozwiak has instituted a similar action against Aluminum in the United States District Court for the Eastern District of Michigan, Southern Division. Dayton was not joined as a defendant in the Michigan action, since it is not doing business there and is not amenable to suit within the state.

Dayton has marshalled an impressive list of factors to justify transfer under § 1404(a). Thus, Dayton points out that this is an action between non-residents of the State of New York arising out of a tort allegedly committed in Michigan; Dayton has a cause of action against Aluminum if it is liable to plaintiffs and wishes to implead Aluminum in the action; Aluminum is an Ohio corporation and is not subject to suit in this Court but can be impleaded in Ohio; defendant's witnesses are in Ohio; even plaintiffs' witnesses in Michigan would be more inconvenienced if they had to come to New York rather than to Ohio; finally there is no connection with this jurisdiction except that technically Dayton might have been doing business here when suit was brought.

However, the issue is complicated by the problem of the applicable statute of limitations. Federal district courts in at least the three states of New York, Michigan and Ohio suggest themselves as possible jurisdictions for this suit.

New York appears to have the least contact with the suit, but plaintiffs undoubtedly feel that it would apply a three-year statute of limitations to this action and Dayton is, at least on the assumptions appropriate at this stage of the case and on this motion, subject to process here.

■ Michigan would appear to be a more logical place for the suit since Aluminum is already being sued by plaintiff there, and Detroit was the scene of the accident. However, Dayton is not subject to service in Michigan and the Court cannot transfer the action there. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Plaintiffs have suggested in their brief that Dayton agree to accept service in Michigan but Dayton has not done so. Michigan too has a three-year statute of limitations on tort actions.

Ohio would also appear to be a more logical place for trial than New York for the reasons pressed by Dayton, but it apparently has a two-year statute of limitations. Plaintiffs tacitly admit the force of defendant's arguments by themselves suggesting a transfer to the District Court for the Northern District of Ohio, which is closer to Detroit than the Southern District of Ohio suggested by Dayton. However, plaintiffs' suggestion is made only on condition that "plaintiffs' rights pursuant to the statute of limitations of Michigan" be protected. This Dayton has not agreed to, but it would stipulate "that the statute of limitations which the District Court of New York would apply if the action were to remain here, shall be applied in any trial" in the Ohio district to which Dayton wants the case transferred.[1]

1. Analogous action has been taken by this Court in the past. Cf. May v. The Steel Navigator, 152 F.Supp. 254 (S.D.N.Y. 1957); Crawford v. S.S. Shirley Lykes, 148 F.Supp. 958 (S.D.N.Y.1957); Curry v. States Marine Corp. of Delaware, 118 F.Supp. 234 (S.D.N.Y.1954); see Kaufman, Transfers Under New Judicial Code, 10 F.R.D. 595, 600. But these decisions were before the Blaski case and in situations where there did not appear to be a question whether the action was un-

■ Neither party has raised any question of the Court's power under the Blaski case to transfer this action to the Southern District of Ohio.[2] However, it appears to me that the Ohio two-year statute of limitations does create such a problem, since the Southern District of Ohio may not be a district under § 1404(a) where plaintiffs' action might have been brought. Hoffman v. Blaski, supra, 363 U.S. 335, 343, 359, 80 S.Ct. 1084, 1089, 1097.[3]

It also seems reasonably clear from Dayton's moving papers that it will eventually urge that even a three-year statute has not been complied with. Thus, defendant's reply affidavit states that " * * it is apparent that the Ohio statute of limitations has run in this cause of action, and there is a possibility that the New York statute may not have run." [4] Moreover, Dayton's brief appears to raise a question as to the jurisdiction of this Court over the action because Dayton may not be doing business here.[5]

Thus, a question as to power to transfer exists. In addition, there appear to be basic issues as to jurisdiction and timeliness even in this Court, which could be decided here with relative speed upon an appropriate motion. Under these circumstances, without passing on the issue of power to transfer, I feel it would be a better exercise of the Court's discretion to deny transfer. This denial is without

prejudice to renewal of a motion for transfer at a later stage in the proceedings if the action has survived defendant's contentions referred to above.

Settle order on notice.

---

timely even under the longer period of limitations applicable in New York.

2. Defendant does argue that under the Blaski case transfer cannot be made to the Northern District of Ohio, as suggested by plaintiffs, because venue would have been improper there if plaintiffs' suit had originally been brought in that district.

3. Thus, in Blaski, at 363 U.S. 359, 80 S. Ct. 1097, the dissenting opinion stated the following about the majority's construction of § 1404(a): "There can be expected to be very few, if any, alternative forums in a given case where the plaintiff has 'a 'right' to sue, considering that that means places of unobjectionable venue where the defendant is amena-

ble to service of process and where there are no other impediments *such as a statute of limitations* which the defendant can rely on to defeat the action." (Emphasis supplied.)

4. Defendant would seem to be referring to the time lag between filing of the complaint and service on defendant and the here critical question of when the action was commenced. See Rule 3, Fed. Rules Civ.Proc., 28 U.S.C.A., and N.Y. Civ.Prac. Act § 218; 2 Moore Federal Practice 772 (2 Ed. 1960).

5. Defendant's brief contends that Dayton has not been "doing business in the State of New York since 1955" since it actually withdrew from the state in that year.