WEISER, ADMR., APPELLANT, v. SMITH, APPELLEE.

(No. 3972—Decided May 24, 1943.)

*Mr. W. W. Campbell* and *Mr. Earl W. Shoemaker,* for appellant.

*Messrs. Welles, Kelsey, Cobourn & Harrington,* for appellee.

LLOYD, J. In the action commenced in the Court of Common Pleas the plaintiff, Claude J. Weiser, as administrator of her estate, sought to recover $590.88 for funeral and burial expenses of Constance Marie Weiser, whose death in an automobile collision occurring on August 7, 1941, in the State of Michigan, was proximately caused, it is alleged, by the negligence of the defendant, Smith.

The defendant in his answer admits the collision and the death of Mrs. Weiser, but denies that the cause thereof was the negligence of defendant. He further alleges:

"That heretofore, to wit, on or about October 1, 1941, the plaintiff herein instituted an action in this court against the defendant herein for damages for the alleged wrongful death of the plaintiff's decedent, said Constance Marie Weiser, as a result of injuries alleged to have been sustained in the accident referred

to in the petition herein; that said action, which became cause No. 159538 on the docket of this court, was prosecuted to trial; that the trial of said cause resulted in a verdict in favor of the defendant herein; that thereafter, to wit, on April 23, 1942, judgment in favor of the defendant herein and against the plaintiff herein was entered in said cause by this court; that no appeal was taken from said judgment; and that said judgment is *res judicata* of the issues sought to be raised in this cause and constitutes a bar to the maintenance of this action.''

In his reply, the plaintiff admits the foregoing allegations as to the commencement, the trial, the verdict and the judgment in the wrongful death action referred to therein, and that no appeal was taken from the judgment.

The defendant filed a motion for judgment in his favor on the pleadings. This motion was granted and judgment entered for the defendant. The plaintiff, appealing from this judgment on questions of law, assigns as error that the judgment is contrary to law.

Section 12102-31, General Code, provides that every court of this state shall take judicial notice of the statutes of every state of the United States. Ohio and Michigan both have enacted wrongful-death statutes, those in Ohio being Section 10509-166 *et seq.*, General Code. The corresponding statutes in Michigan relating to this subject are Sections 27.711 and 27.712, Michigan Statutes Annotated, 1943, Cumulative Supplement.

Section 27.712, so far as here pertinent, reads:

''Every such action shall be brought by, and in the names of, the personal representatives of such deceased person, and in every such action the court or jury may give such damages, as, the court or jury, shall deem fair and just, with reference to the pecuni-

ary injury resulting from such death, to those persons who may be entitled to such damages when recovered and also damages for the reasonable medical, hospital, funeral and burial expenses * * *. After providing for the payment of the reasonable medical, hospital, funeral and burial expenses for which the estate is liable, the Probate Court shall determine as provided by law the manner in which the amount representing the total pecuniary loss suffered by the surviving spouse and next of kin shall be distributed * * *."

This section, it will be observed, provides for the inclusion of "damages for the reasonable medical, hospital, funeral and burial expenses" as a part of the pecuniary injury recoverable in an action brought under the statute. It has been so frequently decided that the law of the state where the injury occurs governs the rights in this class of cases that comment beyond the mere statement of the fact is unnecessary.

Neither is it necessary to more than state the principle that the judgment of a court is final not only as to what is included therein, but also as to every other issue which the parties might have litigated and had determined in the action in which the judgment was rendered. In the instant case, therefore, the expenses for which judgment is sought were elements of damage which might properly have been presented in the wrongful death action, and the plaintiff is barred from attempting now to maintain a separate action for the expenses not asked for in the action theretofore brought and the judgment of the Court of Common Pleas is accordingly affirmed.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.