308 F.2d 655
 Henry W. GORANSON, Administrator with the Will Annexed of the Estate of Harold T. Goranson, deceased, Petitioner,
v.
Honorable Frank L. KLOEB, United States District Judge, Respondent.
 No. 15029.
 United States Court of Appeals Sixth Circuit.
 October 13, 1962.
 
 Vernon E. Rohrbacher, Cobourn, Yager, Smith & Falvey, Toledo, Ohio, for petitioner.
 Eastman, Stichter & Smith, Toledo, Ohio, for respondent.
 Before CECIL, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a proceeding in Mandamus to review the order of the District Court transferring the action to the Eastern District of Virginia, Norfolk Division.
 
 
 2
 Plaintiff's decedent had purchased a ticket on the Capital Airlines (which has since merged with United) to travel by air from Washington, D. C. to Norfolk, Virginia and met his death when the airplane crashed in that state. An action for wrongful death for the benefit of the next of kin was filed by the personal representative in Virginia and the present action for wrongful death was later filed in the United States District Court for the Northern District of Ohio, Western Division, where decedent had a place of residence.
 
 
 3
 The petitioner contends that the transfer of the case from Ohio to Virginia has deprived him of the benefit of a provision in the Constitution of Ohio to the effect that in an action for wrongful death there shall be no limitation in the amount of recovery. In Virginia there is a limitation of $30,000. Petitioner relies on dictum in the recent case of Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 and the decision in Pearson v. Northeast Airlines, Inc., 199 F.Supp. 539 (S.D.N.Y.). The dictum in Kilberg was to the effect that the forum state would not enforce the statutory limitation of the state of the place of the accident where it is against the public policy of the forum state. Pearson followed Kilberg but was reversed by the Court of Appeals for the Second Circuit in 307 F.2d 131, Judge Kaufman, dissenting.
 
 
 4
 The dictum in Kilberg would undoubtedly be applied by the courts in the state of New York. It enunciates a modern doctrine to the effect that the place of injury in airplane accidents is entirely fortuitous and that the forum state should protect its residents against "unfair and anachronistic treatment of the lawsuits which result from these disasters."
 
 
 5
 If the District Judge had tried the case in Ohio instead of transferring it to Virginia, he would have been required to apply the rule of the forum on conflict of laws. Ohio recognizes the application of the principle of "lex loci delicti" in wrongful death cases. Ellis, Admx. v. Garwood, 168 Ohio St. 241, 152 N.E.2d 100 (1958). The measure of damages is governed by the law of the place where the accident occurred. Louisville & N. Rd. Co. v. Greene, Admx., 113 Ohio St. 546, 149 N.E. 876 (1925); Alexander v. Pennsylvania Co., 48 Ohio St. 623, 636, 30 N.E. 69; Weiser, Admr. v. Smith, 73 Ohio App. 380, 56 N.E.2d 522; Ford Motor Co. v. Barry, 30 Ohio App. 528, 165 N.E. 865; Louisville & N. Rd. Co. v. Greene, Admx., 26 Ohio App. 392, 160 N.E. 495. See also: Duskin v. Pennsylvania-Central Airlines Corp., 167 F.2d 727, 732 (C.A. 6).
 
 
 6
 To our knowledge, Ohio has not adopted the New York dictum. Until the Ohio courts have spoken on the subject we must follow the law as it is. We should not attempt to make new law for the state in conflict with its existing decisions.
 
 
 7
 The granting of an application to transfer is a matter requiring the exercise of judicial discretion and in the absence of a clear abuse of discretion cannot be reviewed by Mandamus. We find no abuse here.
 
 
 8
 The petition for Mandamus, accordingly, is denied.