Roberta BARRACK, Adm'x, etc., et al., Petitioners in No. 13994,

Sidney W. Popkin et al., Petitioners in No. 13997,

Howard H. Rapp, Adm'r, etc., et al., Petitioners in No. 14003,

Leah Biernbaum, et al., Ex'rs., Petitioners in No. 14011,

Doris A. Laister, Ex'x, etc., et al., Petitioners in No. 14033,

v.

The Honorable Francis L. VAN DUSEN, Judge of the United States District Court for the Eastern District of Pennsylvania, Respondent,

and

Eastern Air Lines, Inc., Lockheed Aircraft Corporation, General Motors Corporation and the United States of America, Intervenors.

Nos. 13994, 13997, 14003, 14011, 14033.

United States Court of Appeals
Third Circuit.

Oct. 2, 1962.

Decided Nov. 19, 1962.

As Amended Feb. 21, 1963.

954

Elwood S. Levy, Philadelphia, Pa. (David F. Binder, Arthur G. Raynes, Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., on the brief), for petitioners in No. 13994.

Milton M. Borowsky, Philadelphia, Pa. (Morton Rosen, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for petitioners in No. 13997.

John R. McConnell, Philadelphia, Pa. (Ralph Earle II, Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for petitioners in No. 14003.

T. E. Byrne, Jr., Philadelphia, Pa. (Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for petitioners in No. 14011.

Lee S. Kreindler, New York City (Abram P. Piwosky, David M. Hass, Philadelphia, Pa., Kreindler & Kreindler, New York City, on the brief), for petitioners in No. 14033.

Owen B. Rhoads, Philadelphia, Pa., Morton Hollander, Washington, D. C. (Dechert, Price & Rhoads, Rawle & Henderson, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., United States Department of Justice, Washington, D. C., United States Attorney's Office, Arthur E. Newbold, III, Robert E. Jones, J. Grant McCabe, III, Sidney L. Wickenhaver, Hugh G. Moulton, Philadelphia, Pa., Drew J. T. O'Keffe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., on the brief), for respondent and intervenors.

Before STALEY and FORMAN, Circuit Judges, and LANE, District Judge.

STALEY, Circuit Judge.

Petitioners seek writs of mandamus or prohibition directing respondent to vacate and set aside his order transferring these actions to the United States District Court for the District of Massachusetts. The order was entered pursuant to § 1404(a) of 28 U.S.C.,[1] but has been stayed pending the disposition of these petitions.

The actions arise out of the crash of an Eastern Air Lines Electra airplane in Boston Harbor on October 4, 1960. These suits were filed in the District Court for the Eastern District of Pennsylvania by two survivors of the crash and by the personal representatives of several deceased passengers. Named as defendants were Eastern Air Lines, Inc., Lockheed Aircraft Corp., General Motors Corp., and in several instances, the United States. On April 6, 1962, respondent entered an order granting defendants' motions for transfer pursuant to an opinion filed that same day.[2]

With respect to the death actions, petitioners assert that respondent was without power to enter the order of transfer because the Massachusetts District Court is not a district where these actions "might have been brought" within the meaning of § 1404(a). Additionally, they argue that because the transferee forum may apply a different rule of substantive law to these suits,[3] the order should be vacated as a matter of law. Lastly, they contend that the order constitutes a clear abuse of discretion. Because we hold that respondent did not have power to transfer these actions, we find it unnecessary to consider petitioners' alternative arguments.

At the outset, we are faced with defendant-intervenors' contention that the petitions for writs of mandamus or prohibition are inappropriate in these circumstances. It must be noted that respondent does not join in presenting this argument.

Our recent decision in Swindell-Dressler Corp. v. Dumbauld, 308 F. 2d 267 (C.A.3, 1962), makes it abundantly clear that mandamus is appropriate when the question presented is whether

---

1. "§ 1404. Change of venue
   "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1958 ed.).

2. The opinion is reported at 204 F.Supp. 426.

3. The Massachusetts Death Act provides in relevant part:
   "A person who (1) by his negligence causes the death of a person in the exercise of due care * * * shall be liable in damages in the sum of not less than two thousand nor more than twenty thousand dollars, to be assessed with reference to the degree of his culpability * * *." Mass.Ann.Laws, C. 229, § 2. It has been held to be punitive in nature. Massachusetts Bonding & Ins. Co. v. United States, 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956).

the district court acted without jurisdiction in granting a motion to transfer under § 1404(a). However, intervenors urge that petitioners had an adequate remedy of appeal under the provisions of the Interlocutory Appeals Act, 28 U.S.C.A. § 1292(b).[4] But that very issue was squarely raised in Swindell-Dressler and was decided in the negative.[5] We, therefore, conclude that these petitions are properly before us.

On the merits, petitioners contend that because the personal representatives in the death actions have not obtained ancillary appointment in Massachusetts, they lack capacity to bring the actions in that state, and thus § 1404(a) does not authorize transfer to that district. Initially, reference is made to Rule 17(b) of the Federal Rules of Civil Procedure, which provides in relevant part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *."

Next, petitioners point out that under the law of Massachusetts a personal representative appointed in another state is not thereby qualified to maintain suit in Massachusetts, Boutillier v. Wesinger, 322 Mass. 495, 78 N.E.2d 195 (1948), and that appointment as an ancillary or special administrator is in the discretion of the Massachusetts probate judge, Mass. Ann.Laws, C. 193, § 10. Finally, the Supreme Court's decision in Hoffman v.

Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), is cited as being dispositive of the issue before us.

In Hoffman, the district court in which suit had been properly brought transferred it to a district which did not have venue of the cause. The Supreme Court, affirming the judgment of the Seventh Circuit, 260 F.2d 317, held that this defect precluded transfer. The phrase "where it might have been brought" was construed as applying to the time when suit was originally instituted. With respect to the argument that the venue defect had been waived by the defendant's motion to transfer, the Court said, "But the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." 363 U.S. at pp. 343–344, 80 S.Ct. at pp. 1089, 1090.

Respondent and intervenors would limit the holding in Hoffman v. Blaski, supra, to the requirement that the transferee forum have both venue and jurisdiction of the cause. They state that the existence of other potential defenses does not preclude removal, and cite several cases in which transfer has been effected although the suits would have been barred by the statute of limitations applicable in the transferee district.[6]

4. "§ 1292. Interlocutory decisions

      \*     \*     \*     \*     \*

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order * * *." 28 U.S.C. § 1292(b) (1958 ed.).

5. As we indicated in Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433

(C.A.3, 1958), a portion of the legislative history of § 1292(b) would appear to support intervenors' contention. However, as we there pointed out, the district judge's written statement in the order, conforming to the language of the statute, is an essential condition precedent before we may even entertain an application for permission to appeal. Here, respondent, being fully aware of the provisions of § 1292(b), failed to include such a statement in his order. Moreover, as heretofore indicated, he has expressly dissociated himself from intervenors' argument as to the availability of § 1292(b) and the propriety of mandamus.

6. H. L. Green Co. v. McMahon, —— F.2d —— (C.A.2, 1962); Headrick v. Atchison, T. & S. F. Ry., 182 F.2d 305 (C.A.10, 1950); Gomez v. S.S. Dorothy, 183 F.

Additionally, they argue that the phrase "the action" does not include the parties to the action.

We think that the holding in Hoffman v. Blaski, supra, compels the conclusion that respondent was without power to transfer these actions. The import of that decision is that unless the plaintiff *had an unqualified right to bring suit* in the transferee forum at the time he filed his original complaint, transfer to that district is not authorized by § 1404(a). Hence, the fact that at oral argument counsel for intervenors expressed a willingness to waive any objection to petitioners' capacity to sue in Massachusetts is beside the point. Nor can the district court's statement that these actions involve the legal fiction of the appointment of a personal representative be used as a basis for distinguishing them from Hoffman v. Blaski, supra. Certainly the requirement of capacity to sue is no more a legal fiction than is the necessity for having proper venue. Obviously, it, like venue, can be waived. Rules 9(a) and 12(h), Fed.R. Civ.P. But waiver or the possibility of waiver did not alter the Supreme Court's conclusion in Hoffman. In short, we can perceive no basis in either logic or policy for making any distinction between the absence of venue in the transferee forum and a prospective plaintiff's lack of capacity to sue there.

A similar conclusion was reached in Felchlin v. American Smelting and Refining Co., 136 F.Supp. 577 (S.D.Cal.1955). There, suit was filed by California executors, and the defendant moved to dismiss or, in the alternative, to transfer the suit to the Western District of Texas. The court held that because Texas forbids suits by foreign executors, the proposed transferee forum was not a district "where [the action] might have been brought." Accordingly, the motion was denied.

Respondent and intervenors seek to distinguish Felchlin from the case at bar on the grounds that a suit by a foreign personal representative in Texas is a nullity, whereas in Massachusetts lack of capacity is a mere defense to the action and can be waived. However, we deem this distinction insubstantial, for whether lack of capacity precludes a prospective plaintiff from filing suit in the first instance, or subjects him to a dismissal at the instance of the defendant, the result is the same. In either case he does not have an unqualified right to sue.

The transfer sanctioned in Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), is no help to respondent and intervenors, for that decision is premised on a fiction peculiar to the admiralty law.

The attempted differentiation between "the action" and the parties thereto is based on the language of Rules 13(h), 24, and 25(b) and (c) of the Federal Rules of Civil Procedure. We think it without merit. These rules refer to the addition, intervention, or substitution of parties to a law suit which has already been instituted. Thus, they necessarily make separate reference to the action and the parties to the action. More important, to say that the action and the parties thereto are separate and distinct is to ignore reality, for the identity of the parties is determinative of such basic matters as jurisdiction and venue.

The argument that petitioners could have brought these suits in Massachusetts, irrespective of the waiver of intervenors, by obtaining ancillary appointment misses the mark, for it ig-

Supp. 499 (D.Puerto Rico, 1959); Crawford v. S.S. Shirley Lykes, 148 F.Supp. 958 (S.D.N.Y.1957); Curry v. States Marine Corp. v. Delaware, 118 F.Supp. 234 (S.D.N.Y.1954); Frechoux v. Lykes Bros. S.S. Co., 118 F.Supp. 234 (S.D.N.Y. 1953); Greve v. Gibralter Enterprises,

85 F.Supp. 410 (D.N.M.1949). Six of these seven cases antedate Hoffman v. Blaski, supra. Moreover, the decisions in all seven were based upon the legal conclusion that the statute of limitations of the state of the transferor district would apply.

nores the fact that such appointment is discretionary with the probate court. Mass.Ann.Laws, C. 193, § 10. Of course, it is quite likely that most of these petitioners would have been so appointed. That, however, is immaterial, for the fact remains that here, as in Hoffman, petitioners did not have an independent right to maintain suit in Massachusetts.

Respondent and intervenors urge that the construction which petitioners seek would unduly circumscribe § 1404(a) in any action brought by a personal representative. The short answer to this is that by the use of the phrase "where it might have been brought" Congress intended that the power to transfer should not be unqualified. That most jurisdictions do not permit foreign personal representatives to bring suit in their courts as a matter of right is a well known rule of law, and we cannot presume that Congress intended to alter state policy to the extent of permitting transfer of such suits to the federal courts sitting in those states. Indeed, as we previously noted, Rule 17(b), Fed. R.Civ.P., requires the district court to refer to the law of the state in which it sits to determine capacity to sue. Finally, we must accept § 1404(a) as it has been construed by the Supreme Court in Hoffman v. Blaski, supra, i. e., that it permits transfer only if the plaintiff at the time of the commencement of the action had an independent right to institute suit in the transferee district.

Of course, our holding that the district court was without jurisdiction to transfer these suits relates only to the death actions. However, in light if this opinion the district court may wish to reconsider the transfer of the two personal injury suits, particularly as the death actions, which constitute the great majority of these suits, will now be tried in the Eastern District of Pennsylvania.

What we have stated thus far must be qualified to the following extent. At oral argument counsel for petitioners in No. 13,997 conceded that transfer of the Abate cases (Civil Action Nos. 30300 and 30307) was proper inasmuch as that petitioner is a resident of Massachusetts duly qualified in that state as an administrator. Thus, with respect to these suits, the district court's order of transfer was proper and will not be set aside. Subsequently, counsel informed this court by letter that the Reitz case (Civil Action No. 30303) and the Braff case (Civil Action No. 30304) must eventually be transferred to the district court in Massachusetts since venue in the Eastern District of Pennsylvania is improper. With respect to these suits, therefore, we do not pass upon the question whether the district court's order of transfer was proper since it is not contested here.

We assume that it will not be necessary to issue the writ unless a petition for certiorari is filed, and that the district court will vacate the order of transfer in accordance with this opinion.