Henry W. GORANSON, Administrator of the Estate of Harold T. Goranson

v.

CAPITAL AIRLINES, INC., United Airlines, Inc., et al.

Civ. A. No. 3345.

United States District Court
E. D. Virginia,
Richmond Division.

April 10, 1963.

Joseph J. Lawler, Kellam & Kellam, Norfolk, Va., Henry W. Goranson, Cobourn, Yager, Smith & Falvey, Toledo, Ohio, for plaintiff.

Harry E. McCoy, Seawell, McCoy, Winston & Dalton, Norfolk, Va., for defendants.

BUTZNER, District Judge.

This memorandum concerns the motion of Henry W. Goranson, Administrator, to transfer this action back to the United States District Court for the Western Division, Northern District of Ohio. Although the plaintiff calls it a motion to transfer, it will be referred to as a motion to remand. In order to understand this motion, it is necessary to briefly consider the proceedings in the case.

The cause of action arises from the death of Captain Harold T. Goranson, United States Navy, which occurred on January 18, 1960, while he was a passenger in a Capital Airlines plane that crashed in Virginia.

On February 13, 1960, the last will and testament of the decedent was admitted to probate by the Probate Court of Wood County, Ohio, and letters of administration with the will annexed were issued to

Henry W. Goranson, who duly qualified as administrator.

On November 14, 1961, Henry W. Goranson, Administrator, filed suit against Capital Airlines and United Airlines in the District Court of the Northern District of Ohio, Western Division, Civil Action #8752, to recover damages for the death of Harold T. Goranson.

On January 12, 1962, the plaintiff caused Joseph J. Lawler to be appointed ancillary administrator, c. t. a., of the Estate of Harold T. Goranson in the Circuit Court of the City of Norfolk.

On January 16, 1962, Joseph J. Lawler, Administrator, filed suit in the Norfolk Division of the United States District Court for the Eastern District of Virginia against Capital Airlines, Inc., United Airlines, Inc., Vickers-Armstrongs (Aircraft) Ltd., and Rolls-Royce, Limited, to recover damages for the death of Harold T. Goranson.

On February 23, 1962, the defendants moved to transfer this suit which was pending in the Northern District of Ohio to the Eastern District of Virginia.

On May 22, 1962, the motion was granted. Thereafter, the plaintiff brought a mandamus proceeding in the United States Court of Appeals for the Sixth Circuit, to review the order of the District Court. The petition for mandamus was denied. Goranson, etc. v. Kloeb, 308 F. 2d 655 (6th Cir. 1962).

In order to understand the motion to remand it is necessary to consider briefly the original motion made by the defendants in the United States District Court in Ohio. That motion was based upon four grounds: the convenience of the parties and witnesses; the interest of justice; for the reason that the action might have been brought in Virginia; and finally, for the reason that a similar action is presently pending in Virginia. The plaintiff opposed the motion by joining issue with the defendants on their allegations and by affirmatively urging that the case be retained in Ohio because Virginia has a $30,000.00 limitation for wrongful death suits and Ohio has none.

This Court holds that the issues raised in Ohio on the defendants' motion to transfer and the plaintiff's opposition thereto have been settled by the United States District Court for the Northern District of Ohio and the Court of Appeals for the Sixth Circuit. These issues will not be reexamined by this Court in this proceeding.

In the plaintiff's motion to remand he takes the position that as a fiduciary appointed in Ohio he is without capacity to sue in Virginia and for that reason the cause of action could not be brought in Virginia. An examination of the defendants' motion, the briefs filed by the parties, the memorandum of the United States District Court for the Northern District of Ohio and the opinion of the Court of Appeals for the Sixth Circuit, leads this Court to believe that the question of plaintiff's capacity to bring suit in Virginia was not raised on the motion to transfer from Ohio to Virginia.

The narrow issue presented by the plaintiff's motion to remand is whether the action might have been brought in this Court. This issue must be examined by this Court. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Title 28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*"

Rule 17(b) of the Federal Rules of Civil Procedure provides, in part:

" * * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *."

Section 8–634, Code of Virginia, 1950, provides, in part, that every action for wrongful death:

" * * * shall be brought by and in the name of the personal representative of such deceased person * * *."

Section 26–59, Code of Virginia, 1950 as amended, provides, in part:

"No natural person not a resident of this State shall be appointed or allowed to qualify or act as personal representative, or trustee under a will, of any decedent, * * *."

█ The foregoing statutes and Rule 17(b), Federal Rules of Civil Procedure, prohibit Goranson, the Ohio administrator, from instituting an action for wrongful death in Virginia. Holt v. Middlebrook, 214 F.2d 187, 52 A.L.R.2d 1043 (4th Cir. 1954); Grady v. Irvine, 254 F.2d 224 (4th Cir. 1958).

In Barrack v. Van Dusen, 309 F.2d 953 (3rd Cir. 1962), the Court held that a civil action could not be transferred from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the District of Massachusetts. In that case the plaintiff was the administrator of a person who had been killed in an airplane crash. The plaintiff lacked capacity to sue in Massachusetts. The Court said at 309 F.2d 957:

"We think that the holding in Hoffman v. Blaski, supra, compels the conclusion that respondent was without power to transfer these actions. The import of that decision is that unless the plaintiff *had an unqualified right to bring suit* in the transferee forum at the time he filed his original complaint, transfer to that district is not authorized by § 1404(a). * * *."

In Barrack, the Court pointed out that in Massachusetts the appointment of an ancillary administrator was discretionary with the Court. For this reason the defendants urge that Barrack is not controlling. The defendants emphasize that under the Virginia law a probate court must appoint an ancillary administrator and the Court's discretion is limited only to the appointment of a suitable person. §§ 64–112, 114, 124, Code of Virginia, 1950.

The difference between the Massachusetts law and the Virginia law is not a sound basis for distinguishing Barrack from the case at bar. At 309 F.2d 957, 958, Judge Staley said:

"The argument that petitioners could have brought these suits in Massachusetts, irrespective of the waiver of intervenors, by obtaining ancillary appointment misses the mark, for it ignores the fact that such appointment is discretionary with the probate court. Mass.Ann. Laws c. 193, § 10. Of course, it is quite likely that most of these petitioners would have been so appointed. That, however, is immaterial, for the fact remains that here, as in Hoffman, petitioners did not have an independent right to maintain suit in Massachusetts.

" * * * Finally, we must accept § 1404(a) as it has been construed by the Supreme Court in Hoffman v. Blaski, supra, i. e., that it permits transfer only if the plaintiff at the time of the commencement of the action had an independent right to institute suit in the transferee district."

The plaintiff, who had no capacity to sue in Virginia, was under no mandate to move for the appointment of an ancillary administrator in order that the suit which he brought in Ohio might have been brought in Virginia.

This Court must consider this case in the posture that it was at the time the plaintiff instituted it in Ohio. In Hoffman v. Blaski, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960), Mr. Justice Whittaker states:

" * * * The transferee courts could have acquired jurisdiction over those actions only if properly brought in those courts, or if validly transferred thereto under § 1404 (a). * * *"

At the time this case was filed in Ohio it could not have been brought in Virginia because the plaintiff lacked capacity to sue in Virginia. At the time it was transferred to Virginia it could not

have been brought in Virginia because he still lacked capacity to sue in Virginia. At the present time he lacks capacity to sue in Virginia.

The Court is of the opinion that the Virginia statutes pertaining to the appointment of fiduciaries are so broad that the defendants could move for the appointment of an ancillary administrator, but this would avail them nothing. Mr. Justice Whittaker said in Hoffman v. Blaski, 363 U.S. 335, 342–343, 80 S.Ct. 1088–1089, 4 L.Ed.2d 1254 (1960):

"* * * We do not think the § 1404(a) phrase 'where it might have been brought' can be interpreted to mean, as petitioners' theory would require, 'where it may now be rebrought, with defendants' consent.' This Court has said, in a different context, that § 1404(a) is 'unambiguous, direct (and) clear,' Ex parte Collett, 337 U.S. [55] at 58 [69 S.Ct. 944 at page 946, 93 L.Ed. 1207], and that 'the unequivocal words of § 1404(a) and the legislative history * * * (establish) that Congress indeed meant what it said.' United States v. National City Lines, Inc., 337 U.S. 78, 84 [69 S.Ct. 955, 93 L.Ed. 1226]. Like the Seventh Circuit, 260 F.2d [317], at 322, we think the dissenting opinion of Judges Hastie and McLaughlin in Paramount Pictures, Inc. v. Rodney, 186 F.2d 111 (C.A.3d Cir.), correctly answered this contention:

"'But we do not see how the conduct of a defendant after suit has been instituted can add to the forums where "it might have been brought." In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted.'"

■ The defendants contend that the plaintiff waived his right to relief under this motion "* * * by failing to raise and argue that point either before District Judge Kloeb or in the Mandamus proceeding before the Sixth Circuit". (Page 10, Defendants' brief on motion). This contention is without merit. The question of the capacity to sue raises an issue of jurisdiction over the person of the plaintiff. Rybolt v. Jarrett, 112 F.2d 642, 648 (4th Cir. 1940); Holt v. Middlebrook, 214 F.2d 187, 52 A.L.R. 2d 1043 (4th Cir. 1954). Jurisdictional questions can be raised at any time. Jurisdiction must be reexamined by the transferee court. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

■ While jurisdiction over the person may be waived, Hoffman v. Blaski, supra, 363 U.S. at 343, 80 S.Ct. at 1089, the plaintiff has done no act to waive it. He has resisted the transfer to Virginia, and the maintenance of this suit in Virginia at every opportunity. As a nonresident of Virginia, he is not charged with knowledge of Virginia law. Furthermore, the burden was not upon the plaintiff to satisfy the requirements of 1404(a). It was the defendants who moved for transfer, and failed to bring this matter to the attention of the United States District Court in Ohio.

The defendants also assert that since an identical suit was brought by Goranson, Administrator, through the ancillary administrator Lawler in the Virginia court, that this Court does have jurisdiction of the suit that was originally brought in Ohio. This contention is also without merit. While both suits seek to recover damages for the death of Harold T. Goranson, the suits are not identical. Additional parties have been included in the suit brought in Virginia by Lawler, the ancillary administrator, and an additional count, based on breach of contract, has been included in that suit.

■ Moreover, the test set forth in 1404(a) for transferring an action to another district is whether a civil action "might have been brought" in the transferee court. This test or requirement is in no way qualified or eliminated by the language of the statute because a

similar suit is pending in the transferee court.

The motion to remand this case to the United States District Court for the Northern District of Ohio is granted.