345 F.2d 750
 Henry W. GORANSON, Administrator with the Will Annexed of
the Estate of Harold T. Goranson, Deceased,
Plaintiff-Appellant,
v.
CAPITAL AIRLINES, INC., and United Air Lines, Inc.,
Defendants-Appellees.
 No. 15930.
 United States Court of Appeals Sixth Circuit.
 May 25, 1965.
 
 Fred A. Smith, Toledo, Ohio, Vernon E. Rohrbacher, Henry W. Goranson, Toledo, Ohio, on brief; Cobourn, Yager, Smith & Falvey, Toledo, Ohio, of counsel, for appellant.
 John Eastman, Toledo, Ohio, C. David Cox, Jr., Toledo, Ohio, on brief; Eastman, Stichter, Smith & Bergman, Toledo, Ohio, of counsel, for appellees.
 Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.
 CECIL, Circuit Judge.
 
 
 1
 This appeal arises out of a wrongful death action brought in the United States District Court for the Northern District of Ohio, Western Division. The plaintiff-appellant is Henry Goranson, administrator, with the will annexed, of the estate of Harold T. Goranson, deceased. We will refer to Henry Goranson as the plaintiff and to Harold Goranson as the deceased. Capital Airlines, Inc. and United Air Lines, Inc., were named as defendants and are defendants-appellees herein. These two airline companies have been consolidated under the name of United Air Lines, Inc., a corporation organized under the laws of Delaware. Although the deceased was a passenger on a plane of Capital Airlines, we will refer to the appellees as United or the defendant.
 
 
 2
 It is alleged that the decedent was a resident of the state of Ohio and that the plaintiff was duly appointed administrator by the Probate Court of Wood County, Ohio. The defendant denies the validity of the appointment, apparently on the ground that the deceased was not a bona fide resident of Ohio. For the purpose of this opinion, we must assume that the deceased resided in the state of Ohio at the time of his death.
 
 
 3
 On or about January 18, 1960, the decedent was a passenger for hire on a Vickers-Armstrong Viscount aircraft of the then Capital Airlines, Inc., a common carrier of passengers by air. The deceased was a Captain in the United States Navy and was en route from Washington, D.C., to Norfolk, Virginia. While the plane was being operated in the vicinity of Charles City Virginia, it crashed as a result of the alleged negligence of the defendant and the deceased was killed.
 
 
 4
 An action was filed by an ancillary administrator of the estate of the deceased in the United States District Court for the Eastern District of Virginia, Norfolk Division, under the style Lawler, Administrator v. Capital Airlines, Inc., United Air Lines, Inc., et al. On February 20, 1963, the district judge, in an unappealable order, held that the Virginia statute limiting liability in a wrongful death case to $30,000 was applicable. This action was dismissed without prejudice by the district judge on December 30, 1963. We do not regard this case as being in any way determinative of the questions arising out of the case filed in the Northern District of Ohio now before us.
 
 
 5
 The complaint was filed in the Ohio court on November 14, 1961. Subsequently, the district judge for the Northern District of Ohio transferred the case to the Eastern District of Virginia. The plaintiff then brought an original action in this Court for a writ of mandamus to require the district judge to vacate the order of transfer. We held that there was no clear abuse of discretion and denied the petition. Goranson v. Kloeb, United States District Judge, 6 Cir., 308 F.2d 655 (Oct. 13, 1962). By order dated April 10, 1963, 221 F.Supp. 820, the district judge for the Eastern District of Virginia transferred the case back to the Northern District of Ohio, for the reason that the plaintiff did not have capacity to sue in Virginia.
 
 
 6
 The question in this case arises out of a conflict of the law between Ohio and Virginia in wrongful death cases. Liability in Virginia is limited to $30,000 by Section 8-633, et seq., Code of Virginia, 1950, as amended. Article I, Section 19a of the Constitution of the State of Ohio provides, 'The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law.'
 
 
 7
 By order of March 2, 1964, entered on a motion for summary judgment, the district judge, for the Northern District of Ohio, held that 'the measure of damages in an action for wrongful death is governed by the lex loci delicti' and that the Virginia statute limiting liability to $30,000 is applicable in this case. The district judge certified that a controlling question of law was involved and we allowed an appeal under Section 1292(b), Title 28, U.S.C.
 
 
 8
 In a per curiam opinion in Goranson v. Kloeb, supra, we said that under conflict of laws 'Ohio recognizes the application of the principle of 'lex loci delicti' in wrongful death cases' and that 'The measure of damages is governed by the law of the place where the accident occurred.' Because of the importance of the question on conflict of laws and some recent decisions, we approach the question presented de novo.
 
 
 9
 Jurisdiction is invoked by reason of diversity of citizenship (Section 1332, Title 28, U.S.C.) and Ohio law is controlling. (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.) It is conceded that the Supreme Court of Ohio has never decided the particular question involved.
 
 
 10
 As early as 1891, in Alexander v. Pennsylvania, 48 Ohio St. 623, at p. 636, 30 N.E. 69, at p. 71, the Supreme Court of Ohio said:
 
 
 11
 'An act should be judged by the law of the jurisdiction where it was committed; the party acting or omitting to act must be presumed to have been guided by the law in force at the time and place, and to which he owed obedience; if his conduct, according to that law, violated no right of another, no cause of action arose, for actions at law are provided to redress violated rights.'
 
 
 12
 This rule of conflict of laws has been continuously followed in Ohio since that time. Ellis v. Garwood, 168 Ohio St. 241, 152 N.E.2d 100; Louisville & N. Rd. Co. v. Greene, 113 Ohio St. 546, 149 N.E. 876; Weiser v. Smith, 73 Ohio App. 380; Ford Motor Co. v. Barry, 30, Ohio App. 528, 165 N.E. 865; Louisville & N. Rd. Co. v. Greene, 26 Ohio App. 392, 160 N.E. 495.
 
 
 13
 We are asked by counsel for appellant, in this wrongful death action, to establish a new rule for Ohio on the grounds that the Virginia limitation of damages is against public policy and that it would affect Ohio domiciliaries inequitably. It is argued that since the Ohio Constitution (Art. I, Section 19a above quoted) prohibits any limitations on damages in a wrongful death action in Ohio a conflicts rule which accepts such a limitation from any other state is contrary to public policy in Ohio and ought not be enforced. It is further argued that when the forum state has significant contact with parties to the litigation who would be adversely and unjustly affected by applying a conflict of laws rule such as Ohio has, it should be abandoned. It is true in this case that the application of the Ohio rule enforcing the Virginia limitation of damages would adversely affect the decedent's family, in that the amount of damages that might be recovered would be limited to $30,000.
 
 
 14
 The Supreme Court in Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492, has recognized that there is a tendency on the part of some states 'to depart from the general conflicts rule in order to take into account the interests of the State having significant contact with the parties to the litigation.' 369 U.S. 12, 82 S.Ct. 592. We are urged to follow Kilberg v. Northeast Airlines Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526, in which the New York court, under similar circumstances adopted the above reasoning and refused to accept the Massachusetts limitation of damages.
 
 
 15
 There is a definite trend away, in tort cases, from the general rule of conflict of laws in favor of the theory as announced in the Kilberg case, supra. See the following cases: Grant v. McAuliffe, 41 Cal.2d 859, 264 P.2d 944, 42 A.L.R.2d 1162; Schmidt v. Driscoll Hotel, Inc., 249 Minn. 376, 82 N.W.2d 365; Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814; Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526; Pearson v. Northeast Airlines, Inc., 309 F.2d 553, 92 A.L.R.2d 1162, C.A. 2, cert. den. 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720; Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1, and Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796. It is to be noted that all of these cases except Pearson, were decided by state courts. No federal court deviated from the rule of conflict of laws adopted by the state in which it sat. In Pearson, supra, the Second Circuit followed the New York court in Kilberg.
 
 
 16
 In a recent case, the Supreme Court of Oklahoma declined to follow the lead of New York in Kilberg. The Court said:
 
 
 17
 'We decline to hold with the view that the public policy of this State pursuant to the theory of Section 7 of Article XXIII of our Constitution is such or so strong as to require a determination that the Missouri statutory limit of $25,000.00, recovery in a wrongful death action does not apply in a suit brought in Oklahoma.' Cherokee Laboratories, Inc. v. Rogers, Okl., 398 P.2d 520, 525.
 
 
 18
 There is considerable discussion in the recent cases on whether the extent of damages recoverable is to be treated as part of the substantive or the procedural law of the state.[1] The reasoning in these cases is persuasive but we are not at liberty to adopt a new rule of conflict of laws for Ohio, in the face of such a well established rule as is now practiced in Ohio. In a case such as the one now before us, a federal court sitting in Ohio is limited to interpreting and applying the law of Ohio as it stands. Erie R. Co. v. Tompkins, supra.
 
 
 19
 The recent case of Cherokee Laboratories, Inc. v. Rogers, supra, is substantially similar to the case at bar. The plaintiff's (Rogers) decedent was a passenger in an airplane on a flight from Tulsa, Oklahoma, to a point in Indiana. The plane crashed in Missouri and the decedent was killed. An action was brought in Oklahoma, ijn which state there is no limitation of damages. Missouri has a statute which limits the damages to $25,000. The plaintiff recovered judgment for $250,000. The Oklahoma Supreme Court held that the substantive law of Missouri, including damages, was applicable and reversed the trial court, unless the plaintiff would accept a remittitur of $225,000.
 
 
 20
 The Court said in its opinion 'Under the facts of the present case we are not called upon to indicate what our decision would be if the proof had shown specifically that some of the elements of negligence relied upon by plaintiff had occurred in Oklahoma.' 398 P.2d 525. In a letter supplemental to their brief, counsel for plaintiff quote this statement and point out that there are acts of negligence alleged in their complaint which had occurred long prior to the time of the flight and which was the proximate cause of the accident. It is not alleged that these acts of negligence occurred in Ohio. In fact, they are not laid in any particular jurisdiction. As in the Oklahoma case, we are not called on to decide what might be the effect on the plaintiff's case if it could be proved that acts of negligence, which proximately caused the accident, occurred in Ohio or some statute other than Virginia.
 
 
 21
 We find no merit to the constitutional questions concerning the Virginia statute presented by the appellant nor to the argument that the Full Faith and Credit Clause of the Constitution of the United States requires the rule of the Kilberg case to be followed.
 
 
 22
 The motion of counsel for the defendant, which presents the question before us in this case, was denominated a 'Motion for Summary Judgment.' It was in fact a motion to limit liability for the amount of damages recoverable by the plaintiff, rather than a motion for judgment. We affirm the order of the district judge on this interlocutory appeal that the maximum recovery for pecuniary and punitive damages may not exceed $30,000, for any act of negligence occurring in the State of Virginia which was the proximate cause of the death of the decedent, Harold Goranson.
 
 
 
 [1]
 The only mention by an Ohio court on this subject is the following statement by an intermediate court: 'The accident, having occurred in Kentucky, the law of that state governs as to liability and the measure of damages.' Louisville & N. Rd. Co. v. Greene, 26 Ohio App. 392, 404, 160 N.E. 495, 499 (1927)